THE STATE, DEFENDANT IN ERROR, v. HARVEY A. SEI-
FERT, PLAINTIFF IN ERROR.

Submitted July 3, 1913—Decided November 17, 1913.

1. A borough council, for want of a municipal building, met reg-
ularly at the mayor's private office by his invitation. *Held*, that
a member of the council was entitled to remain during the
meeting, although personally ordered to leave by the mayor, and
that the use of threats and force to compel him to leave before
the meeting was terminated constituted an assault and battery.
2. Where in a criminal trial for a misdemeanor the facts necessary
to constitute the offence charged in the indictment were con-
ceded by the defendant and there was no dispute of fact on any
point material to the issue, there was no need to apply the rule
of reasonable doubt, and under such circumstances the failure
of the court upon request to charge such rule is not injurious error.

On error to Warren Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the plaintiff in error, *George A. Angle* and *Osiris D. McConnell.*

For the state, *William A. Stryker,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J.   Plaintiff in error was convicted of assault and
battery.   The occurrences out of which the conviction re-
sulted took place at a meeting of the borough council of the
borough of Alpha.   Defendant Seifert was mayor of the
borough, and one Veit one of the councilmen.   There was no
borough hall, and by invitation and license of the mayor the
council meetings were habitually held in his private offices,
consisting of two rooms connected by folding doors.   At a
council meeting a dispute took place over a bill presented for
payment, and a recess was ordered so that the clerk could go

and look up some papers that were required. During the recess the dispute continued and culminated in Veit applying opprobrious personal epithets to the mayor, who ordered him to leave the office, and on his refusal went to the back room and took an unloaded revolver out of the desk, returned and seized Veit by the lapel of his coat, flourished or otherwise displayed the revolver, and said: "Will you get out?" or "Now will you get out?" at which point other members of the council intervened and the incident terminated. These facts, except perhaps as to some minor and immaterial details, were absolutely undisputed and appeared in the evidence on both sides. The court charged that Veit's language was not a sufficient provocation for an assault and battery; that defendant's acts constituted such assault and battery, and in effect that so long as the council remained in session, defendant was not entitled by virtue of his ownership of the premises, to order Veit out of the room and could not justify the assault because he refused to go. The jury were told that it was their duty to find him guilty, and so found.

The case comes here on strict bill of exceptions as well as under section 136 of the Criminal Procedure act of 1898. The assignments of error and the cause for reversal argued under the first point of the brief relate to the position taken by the court that until the council meeting broke up in some way, defendant was not entitled to order Veit out. We think this proposition was correct. Whether the judge was right in holding, as he did, that the mayor might have himself adjourned the meeting and then ordered Veit out, it is unnecessary to decide, as this did not take place and the defendant was not harmed. But the mayor's invitation for the council to meet at his office was a license to the council as a body, and not to its members as individuals. Assuming that the mayor was entitled to revoke that collective license at any moment, and even to break up a meeting by so doing, this he did not do; but undertook to eject a member of the council from a meeting in session during a short recess. This he could not do. To hold that he might eject such councilmen as he desired, on the theory of revoking their

license to be there, and continue the meeting with the remainder, would of course place council meetings at the mercy of the mayor.   Veit was right in refusing to leave as long as the meeting continued.

The next two points may be considered together.   They are that the court did not leave to the jury the determination of disputed questions of fact; and that the court refused to charge when requested, that the state must prove its case beyond a reasonable doubt.

There were no disputed questions of fact material to the issue.   Defendant urges that the revolver was not loaded; that there is a dispute whether he held it by the grip or in the middle, whether he flourished it or simply displayed it; as to the degree of violence with which he took hold of Veit's coat lapel; and whether he said "Will you go out?" or "Now, will you go out?" and if he used the word "now" what its meaning was.   All this is beside the question.   There could be no possible doubt that on Veit's refusal to obey the first command to leave, defendant went and got a revolver and displayed it at the same time that he laid hands on Veit and repeated the command.   That this, if without legal justification, constitutes assault and battery is elementary, and the facts being conceded, and no such justification appearing, only one verdict could properly be rendered, and that was a verdict of guilty.   A charge as to reasonable doubt was unnecessary as there was no dispute of fact to which to apply it on any point material to the offence; so the court did not err in refusing it.

It is said that the court directed a verdict of conviction. The twelfth assignment of error brings up the conclusion of the charge in these words:

"Whether he had a right to commit.that assault and battery must be determined by the law and the facts.   As far as I can see from the evidence submitted there was no justification whatever for the assault and battery or the attempt to commit assault and battery that he committed that night. There was no reason for it except words.   The words were insulting.   Under the law as I have given it to you he stands

here without any justification and is guilty of assault and battery. It is your duty to find him guilty."

This assignment may be disposed of by the rule that an exception embracing several distinct propositions, any one of which is correct, is ineffective. *Noyes* v. *State,* 12 *Vroom* 418, 428. That one or more of the propositions quoted·above were correct is evident from what has been said. And we doubt that there was a direction of a verdict. The court told the jury it was their duty to find the defendant guilty, but committed to them the performance of that duty, which was substantially what was done in *State* v. *Lackawanna Railroad,* 53 *Id.* 747; reversed on rehearing but on another ground, 55 *Id.* 289.

The judgment will be affirmed.