THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HOWARD E. JEFFERSON, PLAINTIFF IN ERROR.

Argued May 19, 1942—Decided January 7, 1943.

For the plaintiff in error, *H. Norris Mangan.*

For the defendant in error, *John F. Bruther.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The plaintiff in error, a negro, twenty-seven years of age, was convicted of murder in the first degree, without recommendation of life imprisonment, under an indictment in short statutory form charging him with the murder of Beulah Kessler, a white woman eighty-three years of age. It was alleged that the crime was committed on July 24th, 1941, at Woodstown in Salem County. Pursuant to such verdict and the statute, sentence of death has been imposed.

The decedent was last seen alive at her home on July 24th, 1941, between 5:00 and 7:00 P. M. Her dead body was found there at 1:10 P. M., July 25th, with her throat cut and with other evidence of violence, including those of rape or

attempted rape. The defendant admitted by his testimony that he was at her home sometime on July 24th before sundown, detailed his transactions and conversation with decedent, but denied that he raped or attempted to rape her or that he killed her, except that there may be said to be a conflict as to this between his testimony and a confession introduced by the state.

Such a brief narration, from all the details of a most repulsive and ghastly crime, is sufficient because although the judgment before us for review is on a writ of error under R. S. 2:195-1, and upon the entire record under R. S. 2:195-16, we are not asked to pass upon the weight of the evidence.

There are two assignments of error and six specifications for reversal.

The first two of each are identical and challenge the admission in evidence of *Exhibit S-27*, being a confession or statement by the plaintiff in error, upon the ground that it was not voluntary; that its admission was error and that manifest wrong and injury resulted.

This exhibit, over objection, was admitted in evidence and read to the jury upon the direct examination of the sheriff, in whose custody the plaintiff in error was at the time it was made. Thereafter the inquiry as to its voluntariness was continued to the end of the trial and finally submitted to the jury with the instruction that "it is within your province, despite the fact that the court admitted the statement into evidence, for you to say whether or not the statement was voluntary and if it was not, to your way of thinking, you can discard it altogether."

It is apparent that in the cause under consideration this preliminary question of admissibility was not approached and conducted in a proper manner.

An assignment of error under a writ issued under R. S. 2:195-1, brings before this court only the inquiry whether there was any testimony supporting the admission, but by proper specifications for reversal under R. S. 2:195-16 the review goes to the point of ascertaining "whether the sufficiency of the evidence supports the finding of the trial court

that the confession was voluntary." *State* v. *Morehous,* 97 *N. J. L.* 285.

Our inquiry under the assignments of error results in a finding that there was evidence supporting the voluntariness of the confession, and in its admission in evidence, consequently there was no error.

A review of the entire record under the specifications of causes does not satisfy us that the plaintiff in error, because of the irregularity, before referred to, suffered manifest wrong or injury warranting a reversal of the judgment.

The third specification for reversal is directed against the following part of the charge:

"Gentlemen of the jury, from the definitions of the terms in law' as applied to acts narrated by the witnesses who took this witness stand in this court, before you during the trial of this indictment of the state against Howard E. Jefferson, the court takes the position that he does not find from all the evidence adduced that the act alleged to have been committed by the prisoner at the bar can be construed to be or characterized as either murder in the second degree or manslaughter. And yet the jury within these legal bounds, as I have already charged might find the defendant guilty of murder in the second degree or even of manslaughter. This court, from all the evidence presented at this trial, feels the verdict warranted on your part, gentlemen of the jury, is guilty or not guilty of murder of the first degree."

The complaint against this is that the discretionary right and duty of the trial judge to comment on evidence was transcended and that all other remarks and instructions to the jury did not cure the error.

We are not unmindful that the right and duty of the trial judge to comment on the evidence has been firmly established and settled for many years. *Engle* v. *State,* 50 *N. J. L.* 272, 274; *State* v. *Hummer,* 73 *Id.* 714, 719; *State* v. *Overton,* 85 *Id.* 287, 294; *State* v. *Hauptmann,* 115 *Id.* 412, 431.

The facts established in *State* v. *Valentina,* 71 *N. J. L.* 552; *State* v. *Pulley,* 82 *Id.* 579, and *State* v. *Moynihan,* 93 *Id.* 253, make them distinguishable from the cause before us.

The exercise of this judicial discretion always calls for great care and the judicial mind should be so expressed as to leave no doubt or uncertainty with the jurors that the ultimate right to settle disputed questions of fact is theirs and this is particularly so where there was evidence if believed and accepted by the jury, that would have warranted a conviction of a lesser degree of crime.

A consideration of this challenged excerpt both separately and with the charge as a whole, forces upon us the definite conviction that its language carried greater weight and more binding importance to the jurors than a mere comment upon evidence and was in substance and effect, a direction to them that the verdict called for was guilty or not guilty of murder in the first degree.

We conclude that thereby the plaintiff in error suffered manifest wrong and injury and that the judgment should be reversed.

The fourth specification is directed at an improper comment on evidence, in the charge. As we have already concluded that the judgment must be set aside, we need make no further comment under this specification.

The fifth specification is directed at an alleged misstatement of the evidence in the charge. This appears not to be so when the evidence of the witness in question is taken with that of the plaintiff in error.

The sixth and last specification is directed at that portion of the charge wherein the trial court instructed the jury that a killing committed in the perpetration or an attempt to perpetrate rape is murder in the first degree.

It appears from the brief of the plaintiff in error that the complaint as to this is that if rape was committed and took place after death the statute does not make the killing murder in the first degree, as having taken place in the perpetration of a rape, and that in that case it would be impossible to determine on what theory the jury found.

This argument is entirely refuted and set at rest by this court in *State* v. *Knight*, 96 *N. J. L.* 461, 469.

For the reason hereinbefore stated we are of the opinion that the plaintiff in error suffered manifest wrong and injury

and, therefore, the judgment under review is reversed to the end that there be a new trial.

COLIE, J. (Concurring.) I concur in the reasoning of the court which results in a reversal of the judgment under review. However, I cannot subscribe to the statement in the opinion that "Our inquiry under the assignments of error results in a finding that there was evidence supporting the voluntariness of the confession, and in its admission in evidence, consequently there was no error."

As a part of its case, the state undertook to introduce in evidence, and the court admitted, a confession of the plaintiff in error. To that end, it called as a witness the sheriff of Salem county who testified on direct examination as follows:

"*Q.* He told you what? What did he tell you? *A.* He told me—he sent word—like he wanted to talk to me. I asked him what he wanted to talk to me about. He said, 'I want to ask you—I want to ask a favor of you.' I said, 'What kind of a favor?' He said, 'Will you protect me from a gang?' I said 'What gang?' He said, 'If a colored man is accused, or does anything like this in the south, sometimes they lynch him.' And I said, 'You want me to protect you from any gang that might lynch you?' He said, 'Yes.' I said, 'I will, if I can. That's my duty.' Then he—and I said, 'Tell me what happened. If—you must have did something there or you wouldn't think the gang is going to get you.' Well, he said, 'I am going to tell you.'

"*Q.* You said he made a specific request, sheriff, is that right? *A.* That is right.

"*Q.* What was that request? That he be protected from a gang.

"*Q.* Did he make any other request? *A.* No, well he said he would—he said, 'If you will protect me I will tell you the story.'

"*Q.* What did you say to him then? Well, I said, 'That is my duty to protect you.' "

At this point the trial court admitted the statement in evidence and it was read to the jury by the sheriff. Thereafter

counsel of plaintiff in error cross-examined and the sheriff testified:

"Q. And he asked at that time if you would see that he was protected, didn't he? A. That is right.

"Q. If you would see that he was protected he would tell you the story. A. That is right."

The testimony of plaintiff in error was that the sheriff said "I will protect you if you give us the statement. * * * He said that was his duty," and again "He [the sheriff] said if I gave him the statement he would protect me." The state recalled the sheriff after this testimony and he then said that it was not true that the statement was obtained on his promise that he would save plaintiff in error from being lynched.

This court in *State* v. *Foulds,* 127 *N. J. L.* 336, has laid down the rule that it is an indispensable prerequisite to the admission in evidence of a confession that it be made voluntarily. The burden of proof as to the element of voluntariness is upon the state and that burden was not carried by it. The conflicting statements of the sheriff, in my opinion, neutralized one another and left the court with no evidence to show that the statement was voluntary.

The judgment under review should be reversed, for the reasons stated above as well as for those stated in the majority opinion.

BODINE, J. (Concurring.) I concur that the judgment should be reversed, for the reasons stated by. Mr. Justice Colie, but not for the reasons stated in the opinion of the court.

*For affirmance*—CASE, DONGES, PERSKIE, PORTER, WELLS, HAGUE, JJ. 6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, COLIE, DEAR, RAFFERTY, THOMPSON, JJ. 9.