STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN
SWAN, PLAINTIFF IN ERROR.

Argued February 2, 1943—Decided June 24, 1943.

For the plaintiff in error, *Alex Eber* (*Morris Spritzer,* of
counsel).

For the state, *John A. Lynch,* Prosecutor of the Pleas.

The opinion of the court was delivered by

PERSKIE, J. The basic question requiring decision is
whether the trial judge transcended the bounds of proper
comment in charging the jury.

This is a homicide case. Plaintiff in error was convicted
of murder in the first degree, without recommendation of
life imprisonment, and was sentenced ·to death. He was
tried on an indictment, in statutory form, which charged
him with the murder of Gizella Mary Forepaugh, also known
as Marion Oliver, on October 4th, 1942, in the City of New

Brunswick, in the County of Middlesex. Plaintiff in error appeals and the judgment under review is before us on a writ of error (*N. J. S. A.* 2:195-1) and on the entire record of the proceedings had upon the trial of the cause pursuant to *N. J. S. A.* 2:195-16.

The case for the state was tried and submitted to the jury upon three theories, namely, (1) that the killing was willful, deliberate and premeditated, (2) that the killing occurred in the perpetration, or attempted perpetration, of rape, and (3) that the killing occurred in the perpetration of a robbery. In light of the result we reach, there is no need to detail the proofs which were adduced in support of any one or all of the states' theories.

Plaintiff in error challenges the propriety of his conviction. That challenge is bottomed on the broad premise that the judge transcended the bounds of proper comment in charging the jury. More specifically, it is argued that the comments of the judge were in "practical effect a direction of a verdict of guilty of murder in the first degree." If this be so, plaintiff in error clearly "suffered a manifest wrong or injury." *N. J. S. A.* 2:195-16.

We turn to the charge. At the outset thereof, the trial judge impressed upon the jury the fact that this was one of the "most important" cases tried in the county for many years. For, in his words, "it revealed a most dastardly, horrid murder, *without the shadow or a cause of excuse.*" He then read to the jury the applicable law, and instructed the jury as to its meaning and application. He stated to the jury his version of the proofs and the inferences he drew from those proofs; he instructed the jury that if he had stated the facts incorrectly or if he had not drawn such inferences from the facts "as you would draw" then the jury must take its version of the facts and such inferences as it drew from those facts; and then he said:

"So it seems to me that you will be justified and will find that this girl came to her death by the hands of this defendant, in such manner as would make it murder in the first degree."

We are constrained to hold that the challenge of the plaintiff in error *is* well founded. True, *it is the long* established right and duty of a trial judge in this state to comment on evidence (*Cf. State* v. *Jefferson,* 129 *N. J. L.* 308, and cases collated (at *p.* 310); 29 *Atl. Rep.* (*2d*) 546), but it is equally true that this *long established right and duty of the trial judge are not without equally long* established limitations. The ultimate decision of disputed matters of fact is always the function of the jury. *Cf. State* v. *Overton,* 85 *N. J. L.* 287, 294; 88 *Atl. Rep.* 689. And the trial judge is without power to direct a jury to return a verdict of murder in the first degree. *State* v. *Jefferson, supra.* There is no authority for a charge that *"you will find* that this girl came to her death by the hands of the defendant *in such manner as would make it murder in the first degree."* This charge was neither withdrawn by the judge nor cured in his subsequent remarks or instructions. Giving to words their natural and ordinary meaning, such a charge could have but one meaning, namely, a direction to the jury to return a verdict of guilty of murder in the first degree. Such a direction strikes at the very heart of our fundamental and deeply rooted concepts of justice, namely, that an accused is entitled to his constitutional right of a trial by jury and that he is entitled to a trial by a jury of his peers. The challenged direction is a clear invasion of those rights. It transcends proper comment. It unquestionably invades and usurps the exclusive realm of the fact finding body. It utterly destroys the philosophy and foundation upon which our jury system is made to rest. It reduces the function of the jury to a *pro forma* ratification of the conclusions of the trial judge. No word or act of this court shall contribute to such a result.

We are entirely satisfied that our holding in *State* v. *Jefferson, supra* (at *p.* 311), is controlling. Here, as in that case, the challenged language of the charge "carried a greater weight and more binding importance to the jurors, than a mere comment upon evidence." And here, as in that case, it was, in substance and effect, a direction to them that the verdict should be guilty of "murder in the first degree." It

was fatally injurious. Plaintiff in error "suffered a manifest wrong or injury" which clearly calls for a reversal.

Accordingly, the judgment of conviction is reversed and a *venire de novo* is awarded.

*For affirmance*—THE CHANCELLOR, CASE, DONGES, WELLS, HAGUE, JJ. 5.

*For reversal*—THE CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, RAFFERTY, THOMPSON, JJ. 10.