117 N.J. Super. 498 (1971)
285 A.2d 229
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RALPH P. ANDREANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1971.
Decided December 22, 1971.
*499 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Louis Santorf argued the cause for appellant (Messrs. Breslin & Breslin, on the brief).
Mr. Michael R. Perle, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
*500 PER CURIAM.
Defendant was convicted under two indictments charging him with bookmaking and with maintaining a gambling resort, contrary to the provisions of N.J.S.A. 2A:112-3. He was sentenced to two to three years in State Prison, Trenton, and a $500 fine on the bookmaking indictment, and one to two years on the maintaining indictment, the sentences to run concurrently.
Briefly stated, defendant's defense was that he was not a bookmaker but that he was merely acting as a messenger in taking the bets of one Bassant to a pari-mutuel race track as a favor.
In his charge the trial judge informed the jury:
It is a crime, however, for someone to accept a bet from another individual to place at a pari-mutuel race track. And if you believe and accept the version that has been given to you by the defendant with respect to the bookmaking charge, it would be your duty to convict him, whether you believe his version or whether you accept the version which has been advanced by the State, provided you are convinced, of course, beyond a reasonable doubt within the principles of law as I have given them to you; likewise, with respect to the charge of maintaining a place where persons may resort for gambling.
The defendant's testimony, as I recall it, states that he did take bets on occasion from persons and did place those bets at the race track and if the persons won, he took them their money, and if they lost, he delivered their losing tickets to them.
Mr. Bassant testified to the same effect concerning his relationship with the defendant. And I must likewise charge you that if you are convinced of the truth of the defendant's version with respect to the maintaining a gambling resort charge, you must likewise convict him, provided you are so convinced beyond a reasonable doubt within the principles of law that I have given you.
We find the quoted portion to have been prejudicially erroneous in two respects, even after considering the charge in its entirety.
First, the effect of this language is to deprive the jurors of their right to be sole judges of the facts. The jurors were not permitted to reject the judge's instructions if their recollection and determination of the facts did not concur with his recollection, despite his assurance that they must be convinced beyond a reasonable doubt. They were *501 unequivocally told that under either version of the facts, i.e., that advanced by the State or that advanced by defendant, a crime had been committed. In short, we find that the trial judge directed the jury to return guilty verdicts. Such an instruction is patently erroneous. State v. Seifert, 85 N.J.L. 104 (Sup. Ct. 1913), aff'd 86 N.J.L. 706 (E. & A. 1914); State v. Jefferson, 129 N.J.L. 308, 310 (E. & A. 1943); State v. Swan, 130 N.J.L. 372, 374 (E. & A. 1943); State v. Greely, 30 N.J. Super. 180, 186 (Cty. Ct. 1954), aff'd o.b. 31 N.J. Super. 542 (App. Div. 1954).
Second, the trial judge also instructed the jury that the crime of bookmaking occurs whenever an individual accepts a bet from another to be placed at a pari-mutuel race track, irrespective of whether that individual acts as a mere conduit and gains no benefit from the transaction. We do not agree that such conduct constitutes a violation of N.J.S.A. 2A:112-3.
The provisions of N.J.S.A. 2A:112-3 contain an exception exempting pari-mutuel betting at race meetings authorized by the Constitution or any statute of this State. The statute thus contains an exception to the anti-gambling policy of this State as expressed in our gambling laws. State v. Morano, 133 N.J.L. 428 (Sup. Ct. 1945), aff'd 134 N.J.L. 295 (E. & A. 1946). The excepted activity involves the placing of bets in the pari-mutuel pool at an authorized race track. Bets placed with any other pool or individual constitute criminal activity. We are here not called upon to decide whether bets placed by one with no interest in the bet and acting purely as an intermediary for the bettor with any other pool or individual, would constitute criminal activity. We hold only in this appeal that when the bet is taken by a disinterested individual for placement at a lawful race meeting, such activity is not bookmaking within the statutory prohibition. See State v. Morano, above, State v. DeStasio, 49 N.J. 247, 253 (1967). We do not understand State v. Romeo, 43 N.J. 188, 207 (1964), cert. den. 379 U.S. 970, 85 S.Ct. 668, 13 L.Ed.2d 563 (1965), to hold to the contrary.
*502 In reversing these convictions we do not mean to imply that defendant's defense to these indictments must be accepted as requiring acquittal as a matter of law. There were proofs at the trial which, if believed by the jury, could have resulted in guilty verdicts under both indictments. The jury was not required to believe that defendant's activities performed on behalf of Bassant were as he said they were.
Defendant also argues that the trial judge erred in calling Bassant as the court's witness after both the State and he failed to use him. We disagree and find no mistaken exercise of discretion under the circumstances presented.
The judgments of conviction are reversed and the indictments remanded for a new trial.