138 N.J. Super. 211 (1975)
350 A.2d 485
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN BENEVENTO, JOHN CERBO AND MICHAEL CENTRONE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1975.
Decided December 8, 1975.
*213 Before Judges LYNCH, LARNER and FULOP.
Mr. Ralph J. Jabbour, Designated Attorney, argued for appellants John Benevento and John Cerbo (Mr. Stanley C. Van Ness, Public Defender, attorney).
*214 Mr. Mark H. Friedman, Assistant Deputy Public Defender, argued for appellant Michael Centrone (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Lowell Espey, Deputy Attorney General, argued for respondent (Mr. William F. Hyland, Attorney General, attorney).
PER CURIAM.
Defendants were convicted of a conspiracy to violate the gambling laws and of several counts of bookmaking (N.J.S.A. 2A:112-3). Defendant Centrone was sentenced to the Bergen County Jail for a custodial term of 60 days on the conspiracy charge, plus probation and a fine, and a suspended sentence to State Prison on the bookmaking charges. Defendants Benevento and Cerbo were each sentenced to a total custodial term of two to four years in State Prison, plus appropriate fines.

I
Defendants assert as a common appellate argument that the trial judge committed error in denying the motion to suppress evidence obtained as a result of a court-ordered wiretap. They contend that the affidavits submitted in support of the order were legally insufficient to warrant the telephonic interception.
We have reviewed the affidavits and find that they adequately spell out the basic requirements of probable cause and special need under N.J.S.A. 2A:156A-10 and 11 and applicable judicial precedents. See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Dye, 60 N.J. 518, 525 (1972); State v. Sidoti, 120 N.J. Super. 208 (App. Div. 1972); State v. Christy, 112 N.J. Super. 48, 68-74 (Cty. Ct. 1970). The court acted with propriety in denying the motions to suppress.

*215 II
Defendant Centrone urges as error the refusal of the judge to charge the jury in accord with the following request: "That one who acts fully as an intermediary for another bettor with any other pool or individual and gains no benefit thereby has not committed a violation of any of these criminal statutes." This request was submitted below on the basis of Centrone's testimony that his activities were not motivated by profit and the contention that the charge was warranted in light of the holding in State v. Andreano, 117 N.J. Super. 498 (App. Div. 1971).
In Andreano this court held that when a bet is taken by a disinterested person for placement at a lawful race meeting, such activity does not constitute bookmaking within the statutory prohibition, in view of the explicit exception in N.J.S.A. 2A:112-3 for parimutuel betting. 117 N.J. Super. at 501. It did not decide whether one who places bets as an intermediary for the bettor in an illegal pool is guilty of the offense of bookmaking.
The thrust of defendant Centrone's position is that the absence of compensation for the act of taking the bet and in turn placing it with an ultimate book erases the criminality involved in defendant's activity. We disagree.
The presence or absence of compensation in whatever form is of no significance in proof of the crime of bookmaking. The act of taking the bet from the bettor and the act of making the bet for him with the ultimate bookmaker is manifestly encompassed within the offense of aiding and abetting bookmaking. See State v. Morano, 134 N.J.L. 295, 299 (E. & A. 1946).
The intermediary under such circumstances is part and parcel of the bookmaking operation, and one who is embraced within the interdiction of the statute (N.J.S.A. 2A:112-3) and the State policy against all forms of gambling. State v. Morano, supra. Cf. State v. Hozer, 19 N.J. 301, 308 (1955).
*216 Bookmaking may take various forms in the differing methods of operation set up by those engaged in such criminal business. One such method, particularly in a substantial enterprise, is to encourage intermediaries to solicit or take bets from bettors where such intermediaries receive no tangible compensation from the bookmaker or receive compensation in the form of a commission, a free bet or the hope of reward from a winning bettor. Such intermediaries are part of the lifeblood of the industry. To accede to defendant's contention would create a loophole in the enforcement of the gambling laws contrary to the underlying policy of our State. The court properly refused the requested charge.
The other complaint of defendant Centrone as to the charge is devoid of merit. Taken as a whole, the instructions properly, adequately and fairly presented to the jury the applicable law and the nature of its function in deciding the facts. State v. Bertone, 39 N.J. 356, 368, cert. den. 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80 (1963).

III
Benevento and Cerbo argue that the trial judge improperly denied a motion for judgment of acquittal. Their position is that there was insufficient evidence which identified them as the voices on the tapes of the intercepted telephone calls.
We conclude from the totality of the evidence that there was sufficient data for the jury to draw a reasonable inference beyond a reasonable doubt that these defendants were the persons referred to and that they were guilty of the crimes charged.
Cerbo also complains of the denial of his motion for a new trial. The question of guilt of Cerbo was manifestly one for jury determination. We do not find the necessary prerequisite for reversal of the trial court's denial of a new trial, namely, "a miscarriage of justice under the law." R. 2:10-1; State v. Sims, 65 N.J. 359, 373-374 (1974).

*217 IV
We have also considered the propriety of the admission of a statement by defendant Centrone on the stand that Benevento advised him that Cerbo would be his "new book." It is clear that in a conspiracy case a statement by one conspirator is admissible against another conspirator if made in furtherance of the conspiracy. Evid. R. 63(9)(b); State v. Carbone, 10 N.J. 329, 339 (1952); State v. Yedwab, 43 N.J. Super. 367 (App. Div.), cert. den. 23 N.J. 550 (1957). Since there was proof aliunde of the complicity of Cerbo as a conspirator the out-of-court statement of Benevento was properly admitted. See Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941); State v. Seaman, 114 N.J. Super. 19 (App. Div.), certif. den. 58 N.J. 594 (1971), cert. den. 404 U.S. 1015, 92 S.Ct. 674, 30 L.Ed.2d 662 (1972).

V
Finally, Benevento and Cerbo urge that their sentences were manifestly excessive. It should be noted that both of them had prior gambling convictions with minor sentences which did not deter them from continuing the illegal activities. We cannot say under such circumstances that the sentences herein were so excessive as to represent an abuse of the court's discretion.
All judgments are affirmed.