Lawrence **ALFANO**, Petitioner-Appellee,

v.

**UNITED STATES of America,**
**Respondent-Appellant.**

**No. 1252, Docket 77–2013.**

United States Court of Appeals,
Second Circuit.

Argued May 10, 1977.

Decided June 8, 1977.

Edward R. Korman, Chief Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (David G. Trager, U. S. Atty., Brooklyn, N. Y., of counsel), for respondent-appellant.

Burton C. Agata, Hempstead, N. Y. (Manton, Pennisi, Dowd & Schwartz, Michael G. Dowd, Kew Gardens, N. Y., of counsel), for petitioner-appellee.

Before KAUFMAN, Chief Judge, CLARK, Associate Justice,* and JAMESON, District Judge.**

JAMESON, District Judge.

Lawrence Alfano was convicted, following a jury trial, of possession of stolen airline tickets in violation of 18 U.S.C. § 659. The judgment of conviction was affirmed without opinion on May 6, 1976. On August 31, 1976, Alfano filed a motion, pursuant to 28 U.S.C. § 2255, to set aside the judgment of conviction. The motion was granted on January 24, 1977. The order setting aside the judgment was based on the ground that there had been an unexplained delay of 85 days in obtaining an order sealing a wiretap conversation, which had been admitted in evidence at the trial without objection on this ground.

18 U.S.C. § 2518(8)(a) provides in pertinent part that recordings of wire or oral

* Tom C. Clark, Associate Justice, United States Supreme Court, Retired, sitting by designation.

** William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. On appeal Alfano did not question the authenticity of the recorded conversation, but argued that it should not have been admitted

conversations intercepted pursuant to the provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 shall be made available to the judge authorizing the interception "immediately upon the expiration" of the authorizing order and "sealed under his direction". It is further provided that, "The presence of the seal . . . or a satisfactory explanation for the absence thereof shall be a prerequisite for the use or disclosure of the contents of any wire or oral communication or evidence derived therefrom . . .."

The wiretap in question was a recorded telephone conversation between Alfano and Judith Varisco. Prior to trial the Government gave counsel for Alfano various orders and supporting affidavits relating to the recorded conversation. One of the orders, signed on March 5, 1974, directed the sealing of the recording, the order indicating that the wiretapping had terminated 85 days earlier, on December 10, 1973. Counsel for Alfano made a motion on other grounds to suppress the wiretap. This motion was denied. Counsel for Alfano did not at any time prior to or during the trial or on appeal question the admissibility of the wiretap because of the delay in sealing.[1]

In the order setting aside the conviction, the district court relied, as does Alfano on this appeal, on the decision of this court in *United States v. Gigante*, 538 F.2d 502 (2 Cir. 1976), affirming an order of the district court suppressing wiretap evidence where there was a delay of from eight months 12 days to 12 months 25 days in returning wiretap tapes to the authorizing judge for directions on sealing and custody. In *Gigante*, however, the objection to the wiretap evidence was made prior to trial. Here we have a collateral post-trial attack in a Section 2255 proceeding.[2]

because it occurred from one and one-half to three months after Alfano was alleged to have possession of the stolen airline tickets involved in the indictment.

2. Our decision today does not disturb in any way the prophylactic rule we laid down in *Gigante*. That case requires suppression of wiretap tapes not immediately sealed in ac-

■ The applicable rule in determining whether an error of law may be raised in a Section 2255 proceeding was summarized in *Stone v. Powell*, 428 U.S. 465, 477, n. 10, 96 S.Ct. 3037, 3043, 49 L.Ed.2d 1067 (1976) as follows:

> The writ of habeas corpus and its federal counterpart 28 U.S.C. § 2255, "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. *Id.*, at 178–179 [67 S.Ct. 1588]; *Davis v. United States*, 417 U.S. 333, 345–346 and n. 15 [94 S.Ct. 2298, 41 L.Ed.2d 109] (1974). Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted " 'a fundamental defect which inherently results in a complete miscarriage of justice,' " *id.*, at 346 [94 S.Ct. 2298], quoting *Hill v. United States*, 368 U.S. 424, 428, [82 S.Ct. 468, 7 L.Ed.2d 417] (1962).[3]

It was recognized also in *Davis* (417 U.S. at 346, 94 S.Ct. 2298) and *Hill* (368 U.S. at 428, 82 S.Ct. 468) that in determining whether § 2255 relief is available the court should inquire whether the claimed error presented "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent", citing *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455.

■ We conclude that the introduction in evidence of the wiretap conversation `did not amount to a "complete miscarriage of justice". Nor did the claimed error present "exceptional circumstances" warranting § 2255 relief.

There is no contention that Alfano's recorded conversation with Judith Varisco was altered or tampered with in any way. On the contrary, Varisco, called as a witness by the defendant, testified at length with respect to the taped conversation and essentially vouched for its accuracy. Moreover, at the § 2255 hearing the court received in evidence the sealing order and the affidavits of the law enforcement officers . which had been submitted in support of the application for the order. The affidavits and findings in the order establish that the originals of the tapes had been kept under lock and key, except when they were removed for the purpose of duplication, and that they had not been altered, tampered with or changed in any manner.

The district court concluded, however, that the failure to present the tapes for judicial sealing in accordance with 18 U.S.C. § 2518(8)(a) was a proper ground for Section 2255 relief and that petitioner did not waive his rights by failing to raise the issue at trial. The court found that the failure to object on the ground of the late sealing order appeared to have been "a result of one or both of two causes, (1) inadequate opportunity to examine and develop the relevant facts, and (2) inadequate representation by counsel".

The orders and supporting affidavits relating to various wiretap conversations, including the wiretap in question, were delivered to Alfano's counsel on May 9, 1975, just prior to a suppression hearing. A copy of the transcript of the Varisco conversation, the only tape which the Government intended to offer in evidence, had been de-

---

cordance with 18 U.S.C. § 2518(8)(a), without inquiry into whether the tapes have been altered. We hold only that, where extraordinary relief by writ of *habeas corpus* is sought, evidence of actual tampering is necessary.

**3.** As the Court noted in *Stone v. Powell*, 428 U.S. at 491, n. 31, 96 S.Ct. at 3050. "Resort to habeas corpus for purposes other than to assure that no innocent person suffers an unconstitutional loss of liberty, results in serious intrusions on values important to our system of government". It was recognized also that,

"The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the [exclusionary] rule is contrary to the idea of proportionality that is essential to the concept of justice". *Id.* at p. 490, 96 S.Ct. at p. 3050. Obviously the educational effect of the exclusionary rule is less cogent when applied in collateral review through habeas corpus or Section 2255 proceedings.

livered at an earlier date. At counsel's request the hearing was continued to May 15, 1975 to give counsel an opportunity to review the additional material. On May 12, 1975 counsel filed a supplemental affidavit which related to the wiretap conversation involved in this proceeding, but did not raise any issue with respect to the delay in sealing. An order denying the motion to suppress the wiretap evidence was entered on July 25, 1975. The trial did not start until October 21, 1975, over five months after the wiretap material had been delivered to Alfano's counsel.[4] Alfano had ample opportunity to challenge the accuracy of the recording if it did not comport with his own recollection.

We do not believe that the failure of counsel to raise the issue of the delay in the sealing order constituted inadequate representation. The case of *United States v. Gigante,* "one of first impression in our circuit" (538 F.2d at 506) had not been decided; and a divided panel in the Third Circuit, as this court recognized in *Gigante,* had reached a contrary result. See *United States v. Falcone,* 505 F.2d 478 (3 Cir. 1974) *cert. denied,* 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 432 (1975). Counsel's failure to focus on the delay in the sealing order is at most a classic example of "ineffectiveness by hindsight", which should not afford a basis for collateral relief. See *e.g.,* Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L. Rev. 142 (1970).

We conclude that under the circumstances of this case, the delay in sealing the tapes was not an "error" of sufficient magnitude to grant a new trial under Section 2255,[5] particularly in view of the fact that the authenticity of the tape is not questioned.

Reversed and remanded for reinstatement of judgment of conviction.

4. Even assuming that counsel did not have an opportunity to examine the wiretap evidence in detail before the suppression hearing, he had ample time to do so before the trial.

5. See also *United States v. Wright,* 524 F.2d 1100, 1101–1102 (2 Cir. 1975).