Harold McMILLAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 77–1129.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1977.

Decided June 20, 1977.

Rehearing and Rehearing En Banc Denied Aug. 4, 1977.

Harold McMillan, pro se.

Robert G. Renner, U. S. Atty., and John M. Lee, Asst. U. S. Atty., U. S. Dept. of Justice, Minneapolis, Minn., on the brief, for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Harold McMillan appeals from the denial of his § 2255 motion to vacate sentence. (D. Minn., Judge Larson.)

McMillan was convicted of distributing heroin, in violation of 21 U.S.C. § 841(a), in 1974. His conviction was affirmed on appeal. *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). In August 1976 he filed the instant § 2255 motion, alleging that tape recordings and transcripts of telephone conversations between himself and an informant, Beverly Johnson, were improperly admitted at trial. The conversations had been intercepted pursuant to 18 U.S.C. § 2511(2)(c), which provides:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Specifically, McMillan claimed: (1) that the recordings had not been sealed as required by 18 U.S.C. § 2518(8)(a); (2) that Johnson's consent to the interceptions was ineffective in that it was given after the conversations were intercepted; and (3) Johnson's consent was ineffective in that it was not voluntary.

The district court held that the sealing requirement does not apply to consensual interceptions made pursuant to § 2511(2)(c); that Johnson's consent was given prior to the interceptions; and that her consent was voluntary. Accordingly, it denied relief. This appeal followed.

On appeal, McMillan pursues only his first two claims.

*Sealing Requirement.*

18 U.S.C. § 2518(8)(a) provides:

> The contents of any wire or oral communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device. The recording of the contents of any wire or oral communication under this subsection shall be done in such way as will protect the recording from editing or other alterations. Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. * * * The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire or oral communication or evidence derived therefrom under subsection (3) of section 2517.

The purpose of this provision is to insure the integrity of the tapes following the interception. *See United States v. Lawson*, 545 F.2d 557, 564 (7th Cir. 1975); *United States v. Gigante*, 538 F.2d 502, 505 (2d Cir. 1976); *United States v. Falcone*, 505 F.2d 478, 483–84 (3d Cir. 1974), *cert. denied*, 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 432 (1975).

There is no dispute that the recordings were not sealed in accordance with this section. The government contends, however, and the district court held that the sealing requirement does not apply to consensual interception made pursuant to § 2511(2)(c). However, McMillan does not

allege that the tapes admitted at trial were edited, altered or otherwise conveyed an inaccurate account of his conversations. Accordingly, since the purpose of the sealing requirement is to protect the integrity of the tapes, the error here, if any there be, would be technical only and not of the magnitude cognizable in a § 2255 proceeding. *See, e. g., McRae v. United States,* 540 F.2d 943, 945 (8th Cir. 1976).

*Timeliness of Consent.*

McMillan next contends that Johnson's consent was given only after the interceptions, that it cannot be applied retroactively, and that her consent was thus invalid. This contention is without merit. McMillan's argument is predicated on the fact that Johnson gave an affidavit of consent after the date of the interceptions. The date of the affidavit, however, is not indicative of the date on which consent was given. The affidavit merely reaffirms that consent was given at an earlier time. On McMillan's direct appeal, this court held that Johnson had given proper consent. 508 F.2d at 104 n. 2.

The judgment of the district court is affirmed.