**John CERBO, Petitioner,**

v.

**William H. FAUVER, Commissioner, New Jersey Department of Corrections, and John J. Degnan, Attorney General of New Jersey, Respondents.**

**Civ. A. No. 79–455.**

United States District Court,
D. New Jersey.

May 1, 1979.

Thomas S. Higgins, First Asst. Federal Public Defender, Newark, N. J., for petitioner.

John J. Degnan, Atty. Gen. of New Jersey, Trenton, N. J., William F. Lamb, Deputy Atty. Gen., Princeton, N. J., for respondents.

## OPINION

WHIPPLE, Senior District Judge.

This matter is before the Court on petition filed February 6, 1979 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court has carefully reviewed all papers submitted including, but not limited to, the numerous state appellate briefs, the transcripts of the post trial hearings, the opinions of the New Jersey Superior Court, Appellate Division, and the opinion of the New Jersey Supreme Court, *State v. Cerbo*, 78 N.J. 595, 397 A.2d 671 (Sup.Ct.1979). In the absence of any factual issues to be ruled upon, no evidentiary hearing is necessary. Therefore under Fed.R.Civ.Pro. 78, this matter will be decided on the basis of the papers filed with the Court.

Petitioner (and a co-defendant) were charged in an indictment with engaging in bookmaking activities in violation of N.J. S.A. 2A:112–3. Prior to trial, petitioner moved before Judge Thomas F. Dalton to suppress tape recordings for failure of the prosecution to promptly deliver the tapes to the court for sealing, as required by N.J. S.A. 2A:156A–11, 14. The evidence adduced at the suppression hearing disclosed that the tape in question was held by the investigating authorities for the purpose of making a composite tape for use at trial. The original and composite tapes were delivered to Judge Morris Pashman for sealing some thirty-three days after the date of termination of the wiretap authorization. Judge Dalton denied the motion to suppress, holding that the failure of the law enforcement authorities to comply with N.J.S.A. 2A:156A–11, 14 was a mere "ministerial defect".

Following a trial before Judge James J. Petrella, where the wiretap evidence was admitted, petitioner was found guilty on all counts of the indictment. On July 19, 1974, Judge Thomas S. O'Brien sentenced petitioner to a term of two to four years imprisonment and a fine of $2,000.00.

Petitioner appealed his convictions to the New Jersey Superior Court, Appellate Division. The alleged violation of the wiretap

statute was not specifically urged upon the court as grounds for reversal of the convictions. However, in affirming petitioner and his co-defendant's convictions, the court did pass on the issue of the legality of the wiretap evidence. *State v. Benevento*, 138 N.J.Super. 211, 214, 350 A.2d 485 (App.Div. 1975). Certification to the New Jersey Supreme Court was subsequently denied.

On April 28, 1976 petitioner sought habeas corpus relief in this Court. A hearing was held, yet because of the June 22, 1976 decision in *United States v. Gigante*, 538 F.2d 502 (2d Cir. 1976) I allowed each side additional time to brief the procedural and substantive issues. In an unpublished opinion of July 25, 1976 I denied the requested relief because at that point it became clear the petitioner had failed to exhaust his state remedies.

A petition was then filed for post-conviction relief on the basis of the delay in sealing the tapes. On September 23, 1976 a hearing was held at which time the petition was dismissed. On October 18, 1976 a Notice of Appeal was filed in the New Jersey Superior Court, Appellate Division.

On July 25, 1977 the Appellate Division affirmed the lower court ruling by a two to one vote. On September 6, 1977 a Notice of Appeal as of Right was filed with the Supreme Court of New Jersey.

On December 8, 1977 the New Jersey Supreme Court denied cross motions for summary affirmance and reversal. Each side then briefed and orally argued the issue of the sealing delay.

On February 2, 1979 the Supreme Court of New Jersey affirmed the dismissal of the post-conviction relief petition in an unanimous opinion authored by Justice Handler. *State v. Cerbo*, 78 N.J. 595, 397 A.2d 671 (Sup.Ct.1979).

Petitioner now raises three grounds for habeas corpus relief; 1) the delay in the sealing of the tapes contrary to the language of N.J.S.A. 2A:156A–14, 2) "in the interests of justice", and 3) alleged ineffective assistance of appellate counsel on direct appeal.

The issue of the sealing delay was discussed by the Supreme Court of New Jersey. It is interesting to note that the Court in *Cerbo* did not:

> . . . subscribe to the conclusions of the majority of the Appellate Division that the provisions of N.J.S.A. 2A:156A–14 for the transfer and sealing of a completed wiretap tape were ministerial and that the failure of the investigating police officers to have turned over the completed wiretap tapes immediately to the issuing judge for such sealing was merely a technical violation of the Wiretap Act which would not justify barring their use as evidence at the criminal trial of defendants. Had defendants raised this issue in their prior appeal from their judgments of conviction, a reversal would have been warranted. *Cerbo*, 78 N.J. at 600, 397 A.2d at 673.

For the first time, the New Jersey Court has adopted the view expressed in *United States v. Gigante*, 538 F.2d 502 (2d Cir. 1976) [1] which followed the dissenting view of Judge Rosenn in *United States v. Falcone*, 505 F.2d 478, 485 (3d Cir. 1974), *cert. denied* 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975). The majority decision in *Falcone* is still the law in the Third Circuit and elsewhere [2] notwithstanding the new rule announced in *Cerbo, supra*. The New Jersey Supreme Court's denial of petitioner's request for post-conviction relief was supported by reliance upon *Alfano v. United States*, 555 F.2d 1128 (2d Cir. 1977) which held that, "where extraordinary relief by writ of habeas corpus is sought, evidence of actual tampering is necessary. *Id.* at 1130, n.2. Habeas Corpus relief was denied in *Alfano*, yet the Second Circuit was careful not to disturb its prior holding

---

1. *Gigante* involves the similarly worded federal statute found at 18 U.S.C. § 2518(8)(a).

2. *See, e. g., United States v. Angelini*, 565 F.2d 469 (7th Cir. 1977), *cert. denied* 435 U.S. 923, 98 S.Ct. 1487, 55 L.Ed.2d 517 (1978); *United States v. Sklaroff*, 506 F.2d 837 (5th Cir. 1975), *cert. denied* 423 U.S. 874, 96 S.Ct. 142, 46 L.Ed.2d 105 (1975).

in *Gigante, supra.* It appears that even in jurisdictions where strict compliance with sealing provisions is required, collateral attacks on convictions will not be sustained.

■ Similarly, in *McMillian v. United States*, 558 F.2d 877 (8th Cir. 1977) a habeas corpus petition was denied with that court noting:

> . . . McMillian does not allege that the tapes admitted at trial were edited, altered, or otherwise conveyed an inaccurate account of his conversations. Accordingly, since the purpose of the sealing requirement is to protect the integrity of the tapes, the error here, if any there be, would be technical only and not of the magnitude cognizable in a (28 U.S.C.) § 2255 proceeding. *Id.* at 878–879.

Petitioner herein has never challenged the authenticity of the tapes used against him, nor had he alleged any tampering. He relies on what the *McMillian* Court called a technical error. This does not rise to the constitutional dimension necessary for a writ of habeas corpus.

Petitioner's second ground states that he is entitled to relief "in the interests of justice." The New Jersey Supreme Court's ruling in *Cerbo* means that petitioner has successfully challenged the substantive law on the interpretation of N.J.S.A. 2A:156A–14, without reaping any personal benefit. Petitioner believes he should now benefit by the issuance of a writ.

■ In denying post-conviction relief, the State Supreme Court relied upon the delicate balance between the effective adjudication of criminal matters versus the duty of the courts to insure fairness to individual defendants. There is little difference in the standard for this Court to apply when faced with a similar collateral attack. In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) it was noted that:

Resort to habeas corpus, especially for purposes other than to assure that no innocent person suffers an unconstitutional loss of liberty results in serious intrusion on values important to our system of government. They include "(i) the effective utilization of limited judicial resources, (ii) the necessity of finality in criminal trials, (iii) the minimization of friction between our federal and state systems of justice, and (iv) the maintenance of the constitutional balance upon which the doctrine of federalism is founded." (citation omitted) *Id.* at 491, n.31, 96 S.Ct. at 3051 n.31.[3]

These balancing factors cannot be ignored on the assertion of a petitioner that his interests alone are those of justice.

Petitioner's third ground raises the issue of the effectiveness of his appellate counsel. This is a Sixth Amendment question. After petitioner was arrested his retained counsel raised the tape sealing delay in a motion to suppress evidence. This motion was denied. After conviction Cerbo could not afford to pay for trial transcripts, nor to keep his retained counsel. Thus appellate counsel was designated by the New Jersey Office of the State Defender. Petitioner asserts that both he and his retained counsel requested that the issue of the sealing delay be raised on the direct appeal of his conviction. This assertion is supported by affidavits and a copy of a letter now submitted to this Court.[4]

On August 11, 1975 the designated counsel filed an appellate brief which challenged the sufficiency of the affidavit used to procure the tapes, yet not the issue of the sealing delay. It should be noted that several other issues were raised and decided by the Superior Court, Appellate Division.

---

3. *See also*, Friendly, "Is Innocence Irrelevant? Collateral Attack on Criminal Judgments," 38 U.Chi.L.Rev. 142 (1970). This excellent article was cited by the Second Circuit in *Alfano, supra*, and by the New Jersey Supreme Court in *State v. Cerbo, supra.*

4. The letter is dated August 5, 1975 and was written by petitioner's retained counsel to his designated appellate counsel. At Paragraph # 3 it states:

> The motion to suppress at the pre-trial hearing should have been granted because of the failure of Judge Pashman to find and spell out a special need and because of the use and abuse of the original tape over a one month period contrary to statute.

*See, State v. Benevento,* (and *Cerbo*), 138 N.J.Super. 211, 350 A.2d 485 (App.Div.1975). The respondent suggests that because the Appellate Division published its opinion, the issues raised must have had some validity. This suggestion merits some consideration, yet it is not dispositive.

In attempting to ascertain why appellate counsel did not follow the advice of his predecessor it is necessary to consider two factors. First, *United States v. Falcone, supra,* allowed the admission of tapes after a sealing delay of forty-five days. This was the prevailing view.[5] Appellate counsel was faced with an adverse decision in the Third Circuit, presumably aware that Falcone had been denied certiorari to the United States Supreme Court on February 24, 1975. Secondly, the Judge who had originally sealed the tapes in this case was by then a justice on the New Jersey Supreme Court. These factors could easily have influenced what was essentially a tactical decision by the appellate counsel.

In the Third Circuit the standard for adequacy of legal services, including tactical decisions, was articulated in *Moore v. United States,* 432 F.2d 730 (3d Cir. 1970) and restated in *Boyer v. Patton,* 579 F.2d 284 (3d Cir. 1978), as "the exercise of the customary skill and knowledge which normally prevails at the time and place." This Court believes that the designated appellate counsel possessed the customary skill and knowledge for the time and place, August 1975 within the Third Circuit and State of New Jersey.

It was nearly a year later when the Second Circuit rendered its decision in *United States v. Gigante, supra,* (Decided June 22, 1976) and not until February 9, 1979 did

the New Jersey Supreme Court decide *Cerbo, supra.*[6] Though it did follow the substantive rule in *Gigante,* the New Jersey Supreme Court concluded that:

> . . . [t]he asserted mishandling of defendants' appeal, however, does not, in our estimation, reach the proportions of a breach of any constitutional rights. *Cerbo,* 78 N.J. at 606, 397 A.2d at 676.

It was further stated:

> (T)he sealing requirement, while important in terms of the statutory goals of the Wiretap Act and the statutory protections erected by the Legislation for the conduct of wiretapping, may not in a given case bear upon the guilt or innocence of a particular defendant or the fairness of the trial he is accorded. Thus, counsel may have perceived that an appeal based on violation of N.J.S.A. 2A:156A–14 in this case would have been futile. As observed in *Alfano v. United States, supra,* at 1131, "Counsel's failure to focus on the delay in the sealing order is at most a classic example of 'ineffectiveness by hindsight' which should not afford a basis for collateral relief. *See, e. g.,* Friendly, 'Is Innocence Irrelevant? Collateral Attack on Criminal Judgments', 38 U.Chi.L.Rev. 142 (1970). 78 N.J. at 607, 397 A.2d at 677.

■ This Court is in agreement with the New Jersey Supreme Court; the petitioner has not demonstrated that his appellate counsel was constitutionally ineffective. Therefore petitioner fails to establish a violation of his Sixth Amendment right to effective assistance of counsel.

For these reasons, this Court concludes that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must

---

5.  E. g., *United States v. Poeta,* 455 F.2d 117 (2d Cir. 1972), *cert. denied,* 406 U.S. 948, 92 S.Ct. 2041, 32 L.Ed.2d 337 (1972); *United States v. Sklaroff,* 506 F.2d 837 (5th Cir. 1975), *cert. denied,* 423 U.S. 874, 96 S.Ct. 142, 46 L.Ed.2d 105 (1975).

6.  It appears the New Jersey Supreme Court's ruling in *Cerbo, supra,* was a logical outgrowth of *In re Wire Communication,* 76 N.J. 255 (1978), 386 A.2d 1295, where it was held that:

> Wiretap statutes implicating as they do an intrusion into individual rights of privacy, constitutionally and legislatively recognized, should generally be strictly construed. 76 N.J. at 260, 386 A.2d at 1298.

The *Wire Communication* decision was rendered April 28, 1978 long after Cerbo's direct appeal. His appellate counsel could not have realized in 1975 the direction the New Jersey Supreme Court would take in 1978 and thereafter.

be and hereby is denied. There is probable cause for appeal. Order attached.