**UNITED STATES of America,
Appellee,**

v.

**Arthur Michael STEWART,
Defendant-Appellant.**

**No. 222, Docket 75–1214.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 4, 1975.

Decided Oct. 1, 1975.

Paul Vizcarrondo, Jr., Asst. U. S. Atty. for the Southern District of New York (Paul J. Curran, U. S. Atty., T. Barry Kingham, Asst. U. S. Atty., Southern District of New York, of counsel), for appellee.

Joseph I. Stone, New York City, for defendant-appellant.

Before SMITH, HAYS and MESKILL, Circuit Judges.

PER CURIAM:

Appellant Stewart was arrested on February 19, 1975 outside the drive-in office of the Eastern Savings Bank (the bank) located behind the main office of that bank in the Bronx. When arrested, Stewart was carrying two bags containing the $20,575.00 which had been stolen from the drive-in office of the bank at gunpoint, by at least two men, just one minute earlier. The arresting police officers found an unloaded gun[1] in Stewart's pocket and a pair of rubber gloves on the ground at his feet.

The Grand Jury, in a two-count indictment filed on February 28, 1975, charged the defendant in Count One with robbing the bank in violation of Title 18,

---

1. Testimony at the ensuing trial established that the robbers relieved the bank guard of possession of his pistol and also used that gun in the commission of the robbery.

United States Code, Sections 2113(a) and 2 and in Count Two with assaulting a person and putting a person in jeopardy of his life "by the use of a dangerous weapon and device, to wit, a firearm," in the commission of the robbery charged in Count One, a violation of Title 18, United States Code, Sections 2113(d) and 2. After a trial, commencing on April 28, 1975 and ending on April 30, 1975, in the United States District Court for the Southern District of New York (Cooper, J.), a jury found Stewart guilty on both counts. By order dated May 22, 1975 the district court entered judgment of conviction for each of both counts and ordered Stewart's commitment as follows:

> "The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment pursuant to Section 4208(b) of Title 18, U.S.Code, for study, report and recommendations as described in Section 4208(c). This commitment is deemed to be for the maximum sentence of Forty-five (45) Years and a fine of $15,000.00 prescribed by law, unless altered pursuant to said section upon receipt of the report and recommendations. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the Court within Three (3) Months."

On this appeal Stewart has made numerous allegations of error by the district court which allegedly prejudiced him and rendered his trial unfair. We have carefully studied the briefs, the applicable law and the record of the proceedings below and find Stewart's contentions to be without merit and not worthy of discussion. We therefore affirm his conviction.

Although appellant's brief is silent with respect to error in his sentence, our review of the record reveals clear error here. In order to preserve for appeal convictions for violations of subsections (a) and (d) of 18 U.S.C. § 2113, this Court has deemed it proper for the district court to enter simultaneous judgments of conviction under both of those subsections. *Gorman v. United States,* 456 F.2d 1258 (2 Cir., 1972). We have previously indicated, however, that simultaneous sentences, whether concurrent or consecutive, under subsections (a) and (d) are improper. *United States v. Stewart,* 513 F.2d 957 (2 Cir., 1975); *United States v. Pravato,* 505 F.2d 703 (2 Cir., 1974); *Gorman v. United States, supra.*

In the instant case the district court committed Stewart, pursuant to 18 U.S.C. § 4208(b), to the custody of the Attorney General for study, report and recommendations and deemed the sentence to be for forty-five years together with a fine of $15,000.00. The district court did not purport to sentence separately under each subsection of 18 U.S.C. § 2113, but since subsection (a) carries a maximum sentence of twenty years confinement and/or a fine of $5,000.00 and subsection (d) a maximum of twenty-five years and/or $10,000.00 it is clear that the sentence of forty-five years and $15,000.00 was the sum of the maximum penalties prescribed by each subsection. Accordingly, although we do not seek to interfere in any way with the district court's discretion to alter the appellant's sentence in light of the Attorney General's 18 U.S.C. § 4208(c) study, report and recommendations, the case is remanded to the district court to re-sentence the appellant to a term of no longer than twenty-five years and a fine of no more than $10,000.00, the maximum penalties prescribed by 18 U.S.C. § 2113(d), the harshest subsection of the Act.

Judgment affirmed; remanded for re-sentencing.