607 F.2d 6
 Edward GRIMES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 836, Docket 79-2007.
 United States Court of Appeals,
Second Circuit.
 Argued March 27, 1979.
Decided Sept. 6, 1979.
 
 David J. Gottlieb, The Legal Aid Society, Federal Defender Services Unit, New York City, for petitioner-appellant.
 David W. Denton, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., David C. Patterson, Asst. U. S. Atty., Southern District of New York, New York City, of counsel), for respondent-appellee.
 Before MOORE, FEINBERG and MESKILL, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This appeal raises interesting questions regarding the proper relationship between two specific sections of the Federal Bank Robbery Act 18 U.S.C. § 2113(a) (bank robbery) and 18 U.S.C. § 2113(d) (armed bank robbery) as well as the relationship between § 2113(d) and part of the Gun Control Act of 1968 18 U.S.C. § 924(c)(1) (use of a firearm to commit a felony). For the reasons that follow, we hold that separate judgments of conviction for bank robbery and armed bank robbery may not be entered when those convictions arise out of a single criminal transaction. We also hold that the government may not prosecute a defendant under 18 U.S.C. § 924(c)(1) for use of a firearm to commit a felony when the underlying felony, armed bank robbery, is prosecutable under 18 U.S.C. § 2113(d).
 
 
 2
 The facts leading to the convictions here at issue are unimportant. Suffice it to say that Grimes was involved in two separate bank robberies in 1976. He was apprehended and charged with two counts of violating 18 U.S.C. § 2113(a) (bank robbery), two counts of violating 18 U.S.C. § 2113(d) (armed bank robbery), and two counts of violating 18 U.S.C. § 924(c)(1) (use of a firearm to commit a felony). Trial was held in the Southern District, and the jury returned verdicts of guilty on all six counts. Grimes was given no sentence on the bank robbery counts, but he received sentences of twelve years' imprisonment on each armed bank robbery count and five years' imprisonment on each firearms count, all terms to run concurrently. Grimes retained an attorney for purposes of taking an appeal. His lawyer filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966), and this Court dismissed the appeal, United States v. Grimes, 556 F.2d 561 (2d Cir. 1977).
 
 
 3
 Subsequently, Grimes filed a Pro se petition under 28 U.S.C. § 2255. This petition was denied without a hearing. 444 F.Supp. 78 (S.D.N.Y.1977). With the assistance of the Federal Defender Services Unit of the Legal Aid Society, Grimes appealed from this denial, arguing that he had been denied effective assistance of counsel at trial, that simultaneous convictions under § 2113(a) and § 2113(d) were unlawful, and that multiple sentences for simultaneous convictions under § 2113(d) and § 924(c)(1) also were unlawful. The panel that heard the appeal found no merit in Grimes' ineffective assistance of trial counsel argument. Because no sentence had been imposed on the § 2113(a) convictions, this Court was without jurisdiction to consider Grimes' complaint that these convictions had been unlawfully entered. See Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). See also Pollard v. United States, 352 U.S. 354, 360 n.4, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Accordingly, the panel dismissed this portion of the appeal and remanded for resentencing. The remand included among its purposes reconsideration of the sentences imposed on the § 924(c)(1) counts, directing the district court's attention to the Supreme Court decision of Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), a decision filed after the district court's denial of Grimes' petition but before the appeal was heard. 582 F.2d 1271 (2d Cir. 1978) (unpublished memorandum).
 
 
 4
 On remand, the district court imposed a "single general sentence" of twelve years' imprisonment on each pair of § 2113(a) and § 2113(d) convictions, the sentences to run concurrently. The district court suspended imposition of sentence on the § 924(c)(1) counts without imposing a term of probation. Grimes has again appealed, raising essentially the same issues he raised before the earlier panel.
 
 Section 2255
 
 5
 We note at the outset that questions exist as to whether Grimes is entitled to invoke the protections embodied in § 2255 and whether the claims he makes are claims that are cognizable under the statute.
 
 The statute itself provides in part:
 
 6
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 7
 A motion for such relief may be made at any time.
 
 It goes on to provide:
 
 8
 If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
 
 
 9
 28 U.S.C. § 2255.
 
 
 10
 The threshold problem here is that even if Grimes prevails in his challenges to the district court's interpretation and application of § 2113(a), § 2113(d) and § 924(c) he will not be released from custody he is not, technically speaking, "claiming the right to be released." He is challenging not so much his sentences as he is the underlying convictions. Thus, at most, his convictions under § 2113(a) and § 924(c)(1) would be vacated and, possibly, his case would be remanded for consideration of resentencing. Grimes himself acknowledges as much.
 
 
 11
 It is our judgment that this should not act as a bar to the invocation of § 2255. In Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968), the Supreme Court unanimously held that a prisoner was entitled to challenge a sentence he was currently serving even though a separate sentence was scheduled to take effect at its termination. In Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Court, again unanimously, held that a prisoner serving consecutive sentences was entitled to challenge the sentence scheduled to take effect in the future, this despite the fact that if he was successful in his challenge he would still have to finish serving his current sentence. The Court explained that the habeas corpus statute should be construed liberally because it is a remedial statute, and concluded that federal courts had the power "to fashion appropriate relief other than immediate release." 391 U.S. at 66, 88 S.Ct. at 1556. See also Andrews v. United States, 373 U.S. 334, 339, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383 (1963) (§ 2255 "can also be utilized to provide a more flexible remedy" than release from custody). Of particular relevance to the appeal now before us is the fact that Peyton v. Rowe expressly overruled the earlier case of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), which had held:Habeas corpus may not be used to modify or revise the judgment of conviction. . . . Even when void, its operation may be stayed by Habeas corpus only through the exercise of the authority of the court to remove the prisoner from custody. That authority cannot be exercised where the custody is lawful.
 
 
 12
 293 U.S. at 139, 55 S.Ct. at 27. In yet a third unanimous decision, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Court, expressly overruling Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), held that a prisoner was entitled to challenge the validity of his conviction via habeas corpus notwithstanding the fact that he had been unconditionally released while his petition was pending. See also Pollard v. United States, supra, 352 U.S. at 358, 77 S.Ct. 481; Cf. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (district court may issue writ of error coram nobis to vacate judgment of conviction after completion of sentence); United States v. Loschiavo, 531 F.2d 659, 662 (2d Cir. 1976) (same); United States v. Travers, 514 F.2d 1171, 1172-73 (2d Cir. 1974) (same).[1]
 
 
 13
 Grimes' situation, of course, does not fit neatly into any of these cases. He is not imprisoned under consecutive sentences. And, strictly speaking, he is not imprisoned under concurrent sentences, a system of sentencing which may, but need not, relieve an appellate court of the responsibility of reversing or vacating a defective conviction even when it is challenged on direct appeal. See generally Benton v. Maryland, 395 U.S. 784, 790-91, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); United States v. Gaines, 460 F.2d 176, 178-79 (2d Cir.) (on remand), Cert. denied, 409 U.S. 883, 93 S.Ct. 172, 34 L.Ed.2d 139 (1972); United States v. Hines, 256 F.2d 561 (2d Cir. 1958). Instead, Grimes is imprisoned under what has come to be called a "single general sentence," See Gorman v. United States, 456 F.2d 1258, 1259 (2d Cir. 1972) (per curiam), for the convictions under § 2113(a) and § 2113(d). See generally Claassen v. United States, 142 U.S. 140, 146-47, 12 S.Ct. 169, 35 L.Ed. 966 (1891); United States v. Hines, supra. Compare Ballew v. United States, 160 U.S. 187, 197-203, 16 S.Ct. 263, 40 L.Ed. 388 (1895). He has also received a suspended sentence (without probation) for the convictions under § 924(c)(1). But if the "concurrent sentence doctrine" is not an automatic bar to collateral attack on one of the underlying convictions, See, e. g., United States v. Jenkins, 427 F.2d 149 (2d Cir. 1970); Cf. United States ex rel. Weems v. Follette, 414 F.2d 417, 418-19 (2d Cir. 1969), Cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 131 (1970); See also 2 Wright, Federal Practice and Procedure: Criminal § 596, at 620, neither should the practice of imposing a "single general sentence" act as an automatic bar. United States ex rel. Hickey v. Jeffes, 571 F.2d 762, 764-65 (3d Cir. 1978). This same reasoning applies to Grimes' current attack on the sentences imposed on the § 924(c) convictions and to his attack on the convictions underlying those sentences. Thus, the fact that Grimes will not be released from prison should he prevail on this motion does not preclude him from invoking § 2255. Accordingly, we proceed to the question whether Grimes has asserted claims of the type that may be considered on collateral attack.
 
 
 14
 Section 2255 itself provides that "(i)f the court finds that the judgment was rendered without jurisdiction . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," then the court must "vacate and set the judgment aside." It also provides that if "the sentence imposed was not authorized by law or otherwise open to collateral attack," then the court must "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." The Supreme Court has recently explained the approach to be taken under § 2255 in the following terms:
 
 
 15
 When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review. It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice. The question in this case is whether an error has occurred that is sufficiently fundamental to come within those narrow limits.
 
 
 16
 (Section 2255) does not encompass all claimed errors in conviction and sentencing. Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction. . . . In later years, the availability of the writ was expanded to encompass claims of constitutional error as well. . . . But unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited. . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."
 
 
 17
 United States v. Addonizio, --- U.S. ----, ---- - ----, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (footnotes and citations omitted). In Addonizio, the Court also noted that, " '(o)f course the writ of Habeas corpus should not do service for an appeal.' " Id. ---- n.10, 99 S.Ct. at 2240 n.10, Quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268 (1942), And citing Sunal v. Large, 332 U.S. 174, 181-82, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), And Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). This is much the same approach as was followed by the Supreme Court in United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), where the Court held that an allegation of a "formal" or "technical" violation of Fed.R.Crim.P. 11 is not cognizable under § 2255.
 
 
 18
 The distinction to be made for purposes of determining whether an argument is properly considered under § 2255, then, is between constitutional or jurisdictional errors on the one hand, and "mere" errors of law on the other. Where no appeal whatsoever has been taken from the judgment of conviction, or where, as here, an appeal has been taken but the issue sought to be raised collaterally was not raised,[2] this Court has viewed it as especially important that § 2255 "not be allowed to do service for an appeal." Sunal v. Large, supra, 332 U.S. at 178, 67 S.Ct. at 1590. Nevertheless, a prisoner whose claim is based on "a significant denial of a constitutional right" or "an error of significant constitutional dimension" may invoke the protections embodied in § 2255 "even though he could have raised the point on appeal and there was no sufficient reason for not doing so." See United States v. Coke, 404 F.2d 836, 846-47 (2d Cir. 1968) (en banc), Quoting United States v. Sobell, 314 F.2d 314, 322-23 (2d Cir.), Cert. denied,374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963). See also United States v. Loschiavo, supra, 531 F.2d at 662-63; Natarelli v. United States,516 F.2d 149, 152 n.4 (2d Cir. 1975). This may also be said with regard to a prisoner whose claim of error is based on lack of trial court "jurisdiction," a term which this Court has interpreted "in the broad sense of the court's power to adjudicate the issues." United States v. Loschiavo, supra, 531 F.2d at 662-63. With regard to "errors of law," however, we have held it to be extremely difficult for prisoners to take advantage of § 2255. Thus, in Alfano v. United States, 555 F.2d 1128 (2d Cir. 1977), we quoted the following passage from Stone v. Powell, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976):
 
 
 19
 (N)onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. . . . Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted " 'a fundamental defect which inherently results in a complete miscarriage of justice.' "
 
 
 20
 555 F.2d at 1130 (footnote and citation omitted). In other words, a § 2255 petitioner must show that there are " 'exceptional circumstances where the need for the remedy afforded by the writ of Habeas corpus is apparent,' " Alfano v. United States, supra, 555 F.2d at 1130, Quoting Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). These "exceptional circumstances" are deemed to be present only where an error has resulted in a "complete miscarriage of justice" or where a proceeding has been "inconsistent with rudimentary demands of fair procedure." United States v. Timmreck, supra, 47 U.S.L.W. at 4578, Quoting Hill v. United States, supra, 368 U.S. at 428, 82 S.Ct. 468, 470. Otherwise, there has been no error of the "character or magnitude" cognizable under § 2255. Accord: Alessi v. United States, 593 F.2d 476, 478-79 (2d Cir. 1979); Edwards v. United States, 564 F.2d 652, 653-54 (2d Cir. 1977); Del Vecchio v. United States, 556 F.2d 106, 110-111 (2d Cir. 1977); United States v. Loschiavo, supra, 531 F.2d at 663; Natarelli v. United States, supra, 516 F.2d at 152 n.4; United States v. Coke, supra, 404 F.2d at 846-47; United States v. Sobell, supra, 314 F.2d at 322-23.
 
 
 21
 Here, Grimes has raised issues which we are obliged to decide. If Grimes is correct in his interpretation of the Federal Bank Robbery Act, he stands convicted of four separate crimes when he should stand convicted of only two. Similarly, if he is also correct in his view of the relationship between the Bank Robbery Act and § 924(c)(1), he stands convicted of six crimes when he should stand convicted of two. Quite plainly, this raises significant double jeopardy problems. Accord: Simpson v. United States, supra, 435 U.S. 11 & n.5, 98 S.Ct. 909, 55 L.Ed.2d 70; Wright v. United States, 519 F.2d 13, 19 (7th Cir.), Cert. denied, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975); O'Clair v. United States, 470 F.2d 1199, 1203-04 (1st Cir. 1972), Cert. denied, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973) ("It would seem apparent that if the state cannot constitutionally obtain two convictions for the same act at two separate trials, it cannot do so at the same trial."). See generally Sanabria v. United States, 437 U.S. 54, 76-77, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Jeffers v. United States, 432 U.S. 137, 150-51, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Grimes' claims, then, fit squarely within the language of § 2255 the judgments of conviction entered under § 2113(a) and § 924(c) are "vulnerable to collateral attack" on the basis of significant constitutional defects. Accordingly, we proceed to the merits of that attack. Accord: Wright v. United States, supra ; O'Clair v. United States, supra; Walters v. Harris, 460 F.2d 988, 994 (4th Cir. 1972), Cert. denied, 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1973).
 
 The Federal Bank Robbery Act
 
 22
 Section 2113(a), the section defining simple bank robbery, provides:(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
 
 
 23
 Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny
 
 
 24
 Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
 
 
 25
 Section 2113(d), the section defining armed or "aggravated" bank robbery, provides:
 
 
 26
 (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 
 
 27
 As explained above, the government in this case obtained an indictment charging Grimes in separate counts with violations of § 2113(a) and § 2113(d) and the trial court entered separate judgments of conviction on each count, an entirely understandable decision in light of the fact that this Court has on a number of recent occasions assumed this practice to be proper as long as a "single general sentence" is imposed rather than consecutive or concurrent sentences.[3] See, e. g., United States v. McAvoy, 574 F.2d 718, 722 (2d Cir. 1978); United States v. Mariani, 539 F.2d 915, 917 (2d Cir. 1976);[4] United States v. Stewart, 523 F.2d 1263, 1264 (2d Cir. 1975) (per curiam); United States v. Stewart, 513 F.2d 957, 961 (2d Cir. 1975); United States v. Pravato, 505 F.2d 703, 705 (2d Cir. 1974). Reconsideration of this issue, prompted especially by recent Supreme Court decisions, leads us to the conclusion that this assumption has been erroneous.
 
 
 28
 Although the double jeopardy problems raised by Grimes are "significant" ones, and ones whose resolution would be most difficult, we need not rest our decision today on constitutional grounds. Instead, we base our decision on our interpretation of the statute's language and its legislative history in light of the relevant canons of statutory construction and relevant case law. See County Court of Ulster County, New York v. Allen,--- U.S. ----, ----, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979); United States v. Batchelder, --- U.S. ----, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); New York City Transit Authority v. Beazer, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979).
 
 
 29
 The wording of § (d) itself indicates that it proscribes aggravated forms of offenses already defined:
 
 
 30
 Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 
 
 31
 Simply put, in order to violate § (d), one must have already violated either § (a) or § (b).[5] The legislative history of the statute, although "inconclusive," Prince v. United States, 352 U.S. 322, 325, 77 S.Ct. 403, 1 L.Ed.2d 370 (1947), supports rather than contradicts this view of the statute's language. Thus, after reviewing what little legislative history there is, the First Circuit found Congress' purpose to be "relatively unambiguous" and concluded that "(i)t seems evident . . . that Congress intended to create one offense bank robbery which was to receive one punishment, its severity determined by the nature of the accompanying aggravating circumstances." O'Clair v. United States, supra, 470 F.2d at 1202. Viewed in the light of relevant canons of statutory construction,[6] we think the conclusion inescapable that Congress intended but one conviction to stand when defendants are found guilty of violating § (d).
 
 
 32
 This is the interpretation of the statute which we believe the Supreme Court would adopt. In Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), the Court explained that the predecessor to the current statute "does not create two separate crimes but prescribes alternative sentences for the same crime depending upon the manner of its perpetration." 313 U.S. at 349, 61 S.Ct. at 1017. The Court found error in "the erroneous imposition of two sentences for a single offense of which the accused has been convicted." Id. In Prince v. United States, supra, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, the Court described § (d) as "a special provision for increased punishment for aggravated offenses," 352 U.S. 327 n.6, 77 S.Ct. 406, leaving undisturbed the following observation by the Prince court of appeals:
 
 
 33
 It is unanimously held that when one is charged with committing or attempting to commit an offense defined in (a) or (b), and also the aggravating acts defined in (d) in conjunction therewith, only one conviction will stand. . . . The rationale . . . is that subsection (d) defines an aggravation of the same offenses as are made criminal in (a) and (b).
 
 
 34
 Obviously . . . the act made criminal in (a) and (b) which is performed in the aggravated manner and described in (d) is merged with the latter offense.
 
 
 35
 230 F.2d 568, 571-72 (5th Cir. 1956). In Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the Court explained that the defendant Heflin had been convicted of Three counts (one each for §§ (c)[7] and (d) and conspiracy), 358 U.S. at 416, 79 S.Ct. 451, despite the fact that the lower court had said that he had been convicted of Five counts (one each for §§ (a), (b), (c), (d) and conspiracy), 223 F.2d 371, 372 (5th Cir. 1955). The only explanation for this discrepancy appears to be the following observation by the Heflin court of appeals: "Counts 1, 2, and 3 did not charge separate offenses, because 18 U.S.C.A. § 2113(a), (b), and (d) have been construed not as creating separate offenses, but only as creating different maximum punishments for a single offense depending on the existence of aggravating circumstances." 223 F.2d at 376. And in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the Court described § 2113(a) as "the same offense (as § 2113(d)) without the elements of aggravation," 365 U.S. at 303, 81 S.Ct. at 654-655, noted that "(t)he Government concedes that (§ (d)) did not charge a separate offense," 365 U.S. at 305, 81 S.Ct. at 656, and referred approvingly to the trial court's instruction to the jury that the § (d) count was not a "separate offense," 365 U.S. at 305-07, 81 S.Ct. 653.
 
 
 36
 More recently, there have been three occasions on which the Supreme Court has indicated that § (a) and § (d) should not be viewed as separate offenses for which separate judgments of conviction may be entered. In United States v. Gaddis, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), the defendant had been convicted under a three-count indictment charging (1) entering a bank with the intent to rob it (§ (a)), (2) robbing the bank (also § (a)), and using a dangerous weapon in the robbery (§ (d)). The defendants had been given concurrent 20 year sentences on the first two counts and a concurrent 25 year sentence on the third count. The Court, however, explained that "there was in the present case a 'merger' of the Convictions under § 2113(a) and (d)," 424 U.S. at 547, 96 S.Ct. at 1026 (emphasis added), and altered the convictions and sentences in the following fashion: "In light of Prince v. United States . . . the concurrent sentences under Counts 1 and 2 should . . . be vacated, leaving the respondents under single 25-year prison sentences for violating 18 U.S.C. § 2113(d)." 424 U.S. at 549 n.12, 96 S.Ct. at 1027 n.12. Shortly thereafter, Gaddis was interpreted by the Court as having "vacat(ed) Convictions and sentences under 18 U.S.C. § 2113(a) in light of conviction under § 2113(d)." Jeffers v. United States, supra, 432 U.S. at 155 n.25, 97 S.Ct. at 2219 (emphasis added). And in Simpson v. United States, supra, 435 U.S. at 9, 98 S.Ct. at 911, the Court observed that the defendants had been "convicted of one count of aggravated bank robbery in violation of §§ 2113(a) and (d)."
 
 
 37
 Interestingly, the conclusion that separate judgments of conviction may not be entered under both § (a) and § (d) finds support in a number of this Court's decisions. For example, in United States v. Danzey, 594 F.2d 905 (2d Cir. 1979), the Court noted that "the conviction on the bank robbery count was merged into the armed bank robbery count at sentencing." 594 F.2d at 908. In United States v. Madonna, 582 F.2d 704 (2d Cir. 1978), Cert. denied, 439 U.S. 1069, 99 S.Ct. 838, 59 L.Ed.2d 34 (1979), the Court explained that "(a)rmed bank robbery is a variation of bank robbery, and the less serious offense merges with the more serious offense." 582 F.2d at 705. And in United States v. Smith, 574 F.2d 707 (2d Cir. 1978), Cert. denied, 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978), the Court described bank robbery as a lesser included offense of armed bank robbery. 574 F.2d at 709. See also United States v. Marshall, 427 F.2d 434, 435 n.2 (2d Cir. 1970) ("(o)rdinarily a conviction under § 2113(a) merges into a conviction under § 2113(d)"); United States v. Tomaiolo, 249 F.2d 683, 696 (2d Cir. 1957) ("merger into one substantive crime"); United States v. Di Canio, 245 F.2d 713, 717 (2d Cir.), Cert. denied, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957) ("the conviction under 18 U.S.C. Section 2113(a) became merged in the aggravated offense described in 18 U.S.C. Section 2113(d)"); United States v. Nirenberg, 242 F.2d 632, 634 (2d Cir.), Cert. denied, 354 U.S. 941, 77 S.Ct. 1405, 1 L.Ed.2d 1539 (1957) ("conviction on (§ (a) count) became merged in the conviction of the offense in a higher degree (§ (d))"); United States v. Tarricone, 242 F.2d 555, 558 (2d Cir. 1957) ("conviction under 18 U.S.C. § 2113(a) became merged in the conviction of the aggravated offense described in 18 U.S.C. § 2113(d)").
 
 
 38
 Accordingly, Grimes' convictions under § 2113(a) are deemed merged into his convictions under § 2113(d), and the separate judgments of conviction entered under § 2113(a) are vacated.[8] Accord: United States v. Cobb, 558 F.2d 486, 489 (8th Cir. 1977); United States v. Faleafine, 492 F.2d 18 (9th Cir. 1974) (en banc); Wright v. United States, supra, 470 F.2d 1199; Walters v. Harris, supra, 460 F.2d at 994.
 
 Section 924(c)
 Section 924(c) provides:
 Whoever
 
 39
 (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or
 
 
 40
 (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,
 
 
 41
 shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.
 
 
 42
 Grimes was convicted of two counts of violating this statute, the underlying felony in each instance being § 2113(d). Originally, the district court sentenced Grimes to five year terms of imprisonment on each of these counts, to run concurrently with each other and with the sentences imposed under § 2113. As was mentioned earlier, the panel that first heard Grimes' appeal from the denial of his § 2255 motion determined that the lawfulness of this sentence had been rendered questionable by the Supreme Court decision in Simpson v. United States, supra, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70, where the Supreme Court held unlawful the sentencing of a defendant under both § 2113(d) and § 924(c). On remand, the district court imposed a suspended sentence on the § 924(c) counts but did not impose probation, no doubt because the imposition of probation would have constituted unlawful "pyramiding" of punishment. See Simpson v. United States, supra; Prince v. United States, supra, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; Gorman v. United States, supra, 456 F.2d at 1259. On the present appeal, Grimes again contends that the sentence imposed is illegal and that the underlying convictions must be vacated. We agree, again basing our decision solely on statutory construction.
 
 
 43
 Section 924(c) was added to the Gun Control Act of 1968 largely as a result of the efforts of Representative Poff, who explained its limited applicability in the following language:
 
 
 44
 For the sake of legislative history, it should be noted that my substitute is not intended to apply to title 18, sections 111, 112, or 113 which already define the penalties for the use of a firearm in assaulting officials, with sections 2113 or 2114 concerning armed robberies of the mail or banks, with section 2231 concerning armed assaults upon process servers or with chapter 44 which defines firearm felonies.
 
 
 45
 114 Cong.Rec. 22231, 22232 (1968), Quoted in Simpson v. United States, supra, 435 U.S. at 13, 98 S.Ct. 909. The Court in Simpson took this statement by the amendment's sponsor to be "clearly probative of a legislative judgment that the purpose of § 924(c) is already served whenever the substantive federal offense provides enhanced punishment for use of a dangerous weapon." 435 U.S. at 13, 98 S.Ct. at 913. See also United States v. Eagle, 539 F.2d 1166, 1172 (8th Cir. 1976), Cert. denied, 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977). This view of congressional intent is bolstered by the fact that an amendment introduced by Senator Dominick which would have permitted the imposition of § 924(c) penalties even when the underlying felony carried its own enhancement provisions was rejected by the Conference Committee that produced the final version of the statute. See 435 U.S. at 14, 98 S.Ct. 909.
 
 
 46
 In addition to this "sparse" legislative history, 435 U.S. at 15, 98 S.Ct. 909, the Simpson Court relied on various canons of statutory construction. See, e. g., note 6, Supra. Thus, apart from the notion that " 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity,' " 435 U.S. at 14, 98 S.Ct. at 914, and the notion that "doubt will be resolved against turning a single transaction into multiple offenses," 435 U.S. at 15, 98 S.Ct. at 914, the Court explained that "precedence (should be given) to the terms of the more specific statute where a general statute and a specific statute speak to the same concern, even if the general provision was enacted later." Id., citing Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).
 
 
 47
 In light of the legislative history, then, and in light of these canons of construction, the Court concluded that § 924(c) "was intended to be Unavailable in prosecutions for violations of § 2113(d)." 435 U.S. at 15, 98 S.Ct. at 914 (emphasis added). The Court went on to note that the Justice Department itself had at one time maintained a policy "not to prosecute a defendant under § 924(c)(1) where the substantive statute the defendant was charged with violating already 'provid(ed) for increased penalties where a firearm is used in the commission of the offense,' " and described this as "the better view of the congressional understanding as to the proper interaction between the two statutes." 435 U.S. at 16, 98 S.Ct. at 914-915.[9]
 
 
 48
 We hold that the government may not prosecute a defendant under18 U.S.C. § 924(c)(1) for use of a firearm to commit a felony when the underlying felony, armed bank robbery, is prosecutable under 18 U.S.C. § 2113(d). Accordingly, Grimes' convictions under § 924(c) are vacated. Accord: United States v. Nelson, 574 F.2d 277, 280-81 (5th Cir. 1978), Cert. denied, 439 U.S. 956, 99 S.Ct. 355, 58 L.Ed.2d 347 (1978).
 
 Conclusion
 
 49
 Grimes' convictions under § 2113(a) are deemed merged into his convictions under § 2113(d), and the separate judgments of conviction entered under § 2113(a) are vacated; his convictions under § 924(c)(1) are vacated; his convictions under § 2113(d), and the concurrent sentences of twelve years' imprisonment imposed thereon, stand. Affirmed in part and reversed in part.[10]
 
 
 
 [1]
 The reasoning behind this line of cases, quite plainly, is that merely to stand "convicted" is to be subjected to a great many "collateral consequences." See Benton v. Maryland, 395 U.S. 784, 790, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Sibron v. New York, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Parker v. Ellis, 362 U.S. 574, 593-94, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960) (Warren, C. J., dissenting). See also Wright v. United States, 519 F.2d 13, 19-20 (7th Cir.), Cert. denied, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975); O'Clair v. United States, 470 F.2d 1199, 1203 (1st Cir. 1972), Cert. denied, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973)
 
 
 [2]
 "(O)nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255." United States v. Natelli, 553 F.2d 5, 7 (2d Cir.), Cert. denied, 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977). Accord: Meyers v. United States, 446 F.2d 37, 38 (2d Cir. 1971). See also United States v. Gordon, 433 F.2d 313, 314 (2d Cir. 1970) (per curiam)
 
 
 [3]
 The reasoning behind this practice has been as follows. When separate judgments of conviction are entered for violations of § 2113(a) and § 2113(d), district courts are prohibited from imposing separate sentences for each conviction, whether consecutive or concurrent, because such multiple sentencing amounts to an unlawful "pyramiding" of punishment. See Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1947). At the same time, some kind of sentence must be imposed so that an appeal may be made from a final judgment. See Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937). The "solution" in such circumstances has often been to impose a "single general sentence" covering both convictions, just as the district judge did in this case pursuant to our instructions. See generally Gorman v. United States, 456 F.2d 1258, 1259 (2d Cir. 1972) (per curiam) (§ 2113(a) and § 2113(b)), Citing United States v. Corson, 449 F.2d 544 (3d Cir. 1971). One result of this practice is that there is no unlawful "pyramiding" of punishment and appellate courts have jurisdiction to consider the merits of each conviction. Another result, however, amply demonstrated by this case, is that defendants stand convicted of two crimes when, at least arguably, they should stand convicted of but one
 
 
 [4]
 The author of today's decision also authored United States v. Mariani, in which the following observation was made by way of dictum: "It is settled in this Circuit that while simultaneous judgments of conviction under more than one subsection of the Federal Bank Robbery Act may be entered, 'simultaneous sentences, whether concurrent or consecutive, under subsections (a) and (d) (of 18 U.S.C. § 2113) are improper.' " 539 F.2d at 917. To borrow a line from Baron Bramwell, "(t)he matter does not appear to me now as it appears to have appeared to me then." Andrews v. Styrap, (1872) 26 L.T.R. (n.s.) 704, 706
 
 
 [5]
 Section 2113(b) provides:
 (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or
 Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.
 
 
 [6]
 Although by now well known, these canons bear repeating. Thus, for example, "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." Rewis v. United States, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). See United States v. Batchelder, supra, --- U.S. at ----, 99 S.Ct. at 2202; Dunn v. United States, --- U.S. ----, ----, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979); United States v. Naftalin, 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979). And, especially relevant to this appeal," 'doubt will be resolved against turning a single transaction into multiple offenses.' " Simpson v. United States, supra, 435 U.S. at 15, 98 S.Ct. at 914, Quoting Bell v. United States, 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955)
 
 
 [7]
 Section 2113(c) provides:
 (c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, credit union, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.
 
 
 [8]
 This in no way puts the government to a disadvantage. Suspected armed bank robbers may be indicted in one count for bank robbery and in another count for armed bank robbery. After trial and a verdict of guilty on the armed bank robbery count, the bank robbery count would then be merged into the armed bank robbery count. Only one judgment of conviction would be entered. See United States v. Rosenthal, 454 F.2d 1252, 1255-56 & n.2 (2d Cir.), Cert. denied, 406 U.S. 931, 92 S.Ct. 1801, 32 L.Ed.2d 134 (1972). In addition, an indictment may be filed consisting of one count alleging a violation of § 2113(d). Under this latter circumstance, either the government or the defendant would be entitled under the proper circumstances to a lesser included offense charge. Whatever the design of the indictment, and assuming the existence of a proper jury charge, the possibility of an appeal from a judgment of conviction need not cause concern to either the government or to the appellate court. See, e. g., United States v. Cobb, 558 F.2d 486, 489 (8th Cir. 1977); O'Clair v. United States, supra, 470 F.2d at 1203-04; United States v. Marshall, 427 F.2d 434 (2d Cir. 1970). See also Austin v. United States, 127 U.S.App.D.C. 180, 193, 382 F.2d 129, 142 (D.C.Cir. 1967); United States v. Swiderski, 548 F.2d 445, 452 (2d Cir. 1977); Connecticut v. Grant, 40 Conn.L.J. # 39, 1 --- Conn. ----, (March 27, 1979) (Cotter, C. J.)
 
 
 [9]
 The conclusion that § 924(c) was not intended by Congress to apply to bank robberies is buttressed by the following. Because Simpson prohibits the enhancing of punishment under § 924(c) when a defendant is convicted of aggravated bank robbery under § 2113(d) application of § 924(c)'s enhancement to a simple bank robbery under § 2113(a) would have the anomalous effect of exposing a defendant to a greater maximum prison term for robbing a bank using a note while carrying an undrawn hidden gun than for robbing a bank with guns blazing. Subsection (d) enhances the punishment for bank robbery by only five years; § 924(c) would call for enhancement by ten years. Because § 2113(d) presupposes a more threatening set of circumstances than does § 924(c), this result makes no sense whatsoever
 
 
 [10]
 This opinion has been circulated among the active members of the Court and no judge has indicated a desire for en banc consideration