The judgment of the district court is therefore affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles JENKINS, Defendant-Appellant.**

**No. 406, Docket 81–1298.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 23, 1981.

Decided Nov. 24, 1981.

James M. Morrissey, Federal Defender Services Unit, The Legal Aid Society, New York City, for appellant.

Michael E. Norton, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., New York City, for the Southern District of New York), for appellee.

Before KAUFMAN, TIMBERS, and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered by Judge Pollack upon a jury verdict convicting Charles Jenkins of one count of armed bank robbery in violation of 18 U.S.C. § 2113(d)[1] and one count of bank robbery in violation of 18 U.S.C. § 2113(a).[2] Since a conviction of bank robbery pursuant to § 2113(a) is deemed merged into a conviction of armed bank robbery pursuant to § 2113(d), we reverse and remand to the district court with directions to vacate the conviction pursuant to 18 U.S.C. § 2113(a) and the sentence imposed thereon.

---

1. 18 U.S.C. § 2113(d) provides:

   Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. 18 U.S.C. § 2113(a) provides:

   Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

   Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

The relevant facts can be briefly recounted. On the morning of October 14, 1980, Charles Jenkins, wearing glasses, a beret, and a leather coat, entered a branch of Chemical Bank located in the Bronx, New York. He approached a teller and announced that "this is a hold-up." She reacted by dropping to the floor. He then brandished a knife and demanded money from another teller. After obtaining $821.00 in small bills, Jenkins fled from the bank. Jenkins delayed his flight from the vicinity of the bank momentarily to purchase a sheepskin coat at a nearby clothing store. He hailed a cab after making his purchase. Notified by bank employees who had followed Jenkins, the police stopped the cab and arrested Jenkins approximately six blocks from the bank.

On October 24, 1980, the grand jury returned an indictment charging Jenkins with armed bank robbery of the Chemical Bank in violation of 18 U.S.C. § 2113(d) (Count One) and with bank robbery in violation of 18 U.S.C. § 2113(a) (Count Two). After a two-day trial, the jury returned a verdict convicting Jenkins on both counts of the indictment. Subsequently, Judge Pollack entered a judgment of conviction on both counts. The court sentenced Jenkins to concurrent terms of imprisonment of fifteen years on Count One (armed bank robbery) and ten years on Count Two (bank robbery).

We are of the view that a judgment may not be entered on simultaneous convictions pursuant to both § 2113(a) and § 2113(d) on an identical set of facts. We stated in Grimes v. United States, 607 F.2d 6 (2d Cir. 1979), that a conviction of the lesser included offense of unarmed bank robbery, § 2113(a), must be deemed merged into a conviction of armed bank robbery, § 2113(d), when both convictions arise from a single criminal act, as they do here. See also United States v. Smith, 621 F.2d 483, 489 (2d Cir. 1980), cert. denied, 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981); United States v. Garris, 616 F.2d 626, 633–34 (2d Cir.), cert. denied, 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980). The Government so concedes. Indeed, the phrasing of § 2113(d) indicates that it proscribes aggravated forms of offenses already defined in § 2113(a):

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

In short, to commit an offense under § 2113(d), it follows that an individual must violate either subsection (a) or (b). Accordingly, as we reasoned in Grimes, only one conviction may stand when a defendant is found guilty of violating both § 2113(d) and either § 2113(a) or (b). Grimes v. United States, supra, 607 F.2d at 13.

In light of the mandate of Grimes, we reverse and remand to the district court with directions to vacate the conviction of unarmed bank robbery pursuant to 18 U.S.C. § 2113(a) and the sentence imposed thereon. Jenkins's conviction pursuant to § 2113(d) and the sentence thereon stand. Affirmed in part; reversed and remanded in part.