**Edward SAMPSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 83 Civ. 238(MEL).**

United States District Court, S.D. New York.

Jan. 17, 1984.

**32**

Edward Sampson, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent;

Frank Maas, Asst. U.S. Atty., New York City, of counsel.

LASKER, District Judge.

Petitioner Edward Sampson brings this action pursuant to 28 U.S.C. § 2255 to vacate sentences imposed on May 11, 1981 following his plea of guilty to two counts of armed bank robbery and two counts of unarmed bank robbery.

Sampson was arrested on October 28, 1980. In a superseding indictment handed down on December 1, 1980, Sampson was charged in ten different counts based upon alleged bank robberies which occurred on August 18th, August 26th, September 10th, September 16th and September 19th, 1980. As to the September 16th bank robbery, Sampson was charged only with unarmed bank robbery. As to each of the four remaining robberies, Sampson was charged with both armed and unarmed robbery. Thus, he was charged with a total of five counts of unarmed bank robbery and four counts of armed bank robbery. He was also charged with one count of conspiracy.

On the advice of appointed counsel Sampson pled guilty to two of the five counts of unarmed bank robbery and two of the four counts of armed bank robbery. The remaining counts were dismissed. Sampson was sentenced to concurrent terms of 12 years on the counts of unarmed robbery and concurrent terms of 20 years on the counts of armed robbery. The terms for armed and unarmed bank robbery were also designated to run concurrently.

28 U.S.C. § 2255 provides, in part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

*Id.* Sampson makes three claims: 1) the presentence report presented to the court contained material misstatements of facts; 2) the indictment was invalid because it charged him, in separate counts, with aggravated forms of the same offense, *i.e.*, with bank robbery in one count, and armed bank robbery in a second count, all derived from the same bank robbery; and 3) he was denied effective assistance of counsel because he was not informed that the indictment was invalid, because the indictment was not attacked, because he was not informed of the impact of the presentence report on the court's decision and on his opportunity for parole, and because the presentence report was not questioned by his attorney. Sampson characterizes this conduct as a denial of his constitutional right to due process of law.

## I.

For several reasons, we are persuaded that the alleged errors in the presentence report are insufficient to justify vacating Sampson's sentence. Sampson complains of errors in the section of the presentence report entitled "Government's Version of the Offense." According to Sampson, the report incorrectly stated that Sampson was involved in two bank robberies and one attempted bank robbery (on August 28th, September 17th, and September 25th, 1980, respectively) in addition to the bank robberies for which Sampson was charged in the indictment. Sampson claims that he did not participate in those three crimes, and that their inclusion prejudiced him both as to sentence and as to opportunities for parole. In support of the latter contention he cites the November 10th, 1981 decision of the United States Parole Commission to deny parole, which states that he "robbed seven banks and tried to rob an eighth."

▆▆▆▆ Of course, a sentencing judge is obligated to consider, in imposing sentence, any relevant information offered by a defendant, including objections to the accuracy of matters contained in the presentence report.[1] Sampson, however, did not object, at the time of sentencing, to the accuracy of the material he now challenges by way of this § 2255 proceeding. The transcript before Judge Pierce, the sentencing judge,[2] establishes that Judge Pierce conducted a thorough review of Sampson's prior criminal history as reflected in the presentence report, and that Sampson took an active role in disputing the accuracy of various matters contained in the report, but nevertheless he did not mention the alleged inaccuracies he now complains of. For example, Sampson vigorously contested the description of a robbery for which he had been convicted in 1968, insisting that he had used a knife rather than a handgun as stated in the report.[3] Sampson's extensive history of convictions and arrests as reflected in Judge Pierce's review of his record, as well as the sophistication he exhibited in presenting his version of events to Judge Pierce, demonstrate that he was experienced in criminal proceedings and that he was capable of protecting his interests in such proceedings. Moreover, Sampson was of course represented by counsel at sentencing, and the sentencing transcript as well as an affidavit submitted by the attorney reflect that he discussed the presentence report with Sampson prior to sentencing. The case is remarkably similar to *United States v. Bufalino:*[4]

1. *See generally United States v. Malcolm,* 432 F.2d 809 (2d Cir.1970); *United States v. Robin,* 545 F.2d 775 (2d Cir.1976).

2. Judge Pierce was appointed to the Court of Appeals for this Circuit prior to the filing of the instant motion, and the matter was therefore assigned to this Court through the normal assignment procedures of the Southern District.

3. *See* Transcript ("Tr.") at p. 10 (attached as Exhibit B to the Affidavit of Frank Maas dated February 10, 1983). Sampson also disputed the allegation that a gun had been used in connection with a second 1968 robbery for which he was convicted (Tr. at p. 12); in addition, he pointed out that robberies in February, April and August 1975 with which he was charged had resulted only in arrests and not in convictions (Tr. at p. 14).

4. 576 F.2d 446, 452–53 (2d Cir.1978), *cert. denied,* 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321 (1978).

"Appellant ... urges that the trial judge relied on misinformation in pronouncing sentence. But appellant did not avail himself of his opportunity to specifically contest the truth of any such statements during the sentencing proceeding, nor did he request an evidentiary hearing on any of the purportedly false allegations."

Here, Sampson's failure to contest the allegedly erroneous material at the time of his sentencing precludes his belated challenge to the legality of his sentence.

Moreover, although our holding does not rest on a conclusion as to the underlying merits of Sampson's claim, his claim that he was not involved in the two additional robberies and one attempted robbery described in the presentence report appears weak. It is true that Sampson offers the affidavit of a co-indictee that exonerates Sampson from the three crimes. However, the government has countered with a letter from the same individual stating that the affidavit was executed under threats from Sampson.[5] The government's answering papers also describe the evidence upon which it relied in accusing Sampson of involvement in the three additional crimes. As to the August 28th, 1980 robbery, the evidence includes statements by two co-defendants who named Sampson as a participant in the robbery. The government asserts that Sampson appears in bank surveillance photographs taken during the September 17th, 1980 robbery, and that a co-defendant named Sampson as a participant. A co-defendant's statements also provided the basis for the Government's charge that Sampson was involved in the attempted robbery on September 25th, 1980.[6]

Furthermore, even if the material in the presentence report were erroneous as Sampson contends, we agree with the government that the difference between the robberies he admits and the additional two robberies and one attempted robbery which he disputes would have been of marginal significance to the sentencing judge. The four robberies to which he pled guilty occurred within a period of approximately one month during August and September 1980. The additional crimes to which the government referred in its statement in the presentence report took place during the same period and involved the same group of defendants with which Sampson admitted involvement in pleading to the other robberies. The transcript of the sentencing proceeding shows that Judge Pierce placed heavy emphasis on Sampson's extension prior criminal record; he made no reference to the material Sampson challenges here. For these reasons it appears improbable that inclusion of the disputed material in the presentence report, if indeed it was erroneous, prejudiced Sampson.[7]

■ Sampson also contends that the allegedly erroneous material has had an adverse impact on the decisions of the parole authorities and will continue to do so if it is not corrected. Sampson's remedy, however, does not lie with this court. The procedure for correcting errors in a presentence report relied upon by the parole commission is set forth in 28 C.F.R. § 2.19(c), which specifically provides for an administrative challenge to the accuracy of a presentence report.[8]

## II.

■ Sampson's second claim, that the indictment was invalid because it charged him with separate counts of armed and unarmed robbery for the same offense, is without merit. Of course, since unarmed bank robbery is a lesser included offense of

---

5. Maas Affidavit, Exhibit C.

6. *See* Maas Affidavit, ¶¶ 12–14.

7. It has been held a sentence will be vacated if erroneous information was placed before the sentencing judge, even without a showing that the judge actually relied upon the material in passing sentence. *See United States v. Robin,*

*supra,* 545 F.2d at 779 n. 12. However, in *Robin,* a timely objection to the allegedly erroneous material had been made during the sentencing proceeding.

8. *See United States v. Legrano,* 659 F.2d 17, 18 (4th Cir.1981).

armed bank robbery, only one sentence can be imposed for the offense.[9] An indictment which charges both the lesser and greater offenses in different counts is not invalid, however, as long as a double sentence is not imposed.[10] The four counts on which Sampson was actually sentenced were based on four different robberies, and hence there exists no basis for Sampson's challenge to the indictment.

### III.

■ Sampson's final claim is that, in violation of his constitutional rights, Sampson's trial attorney did not provide him with effective assistance. The recently adopted standard for effective assistance in this Circuit, which now comports with the standard applied in all other circuits, requires that "the quality of a defense counsel's representation should be within the range of competence reasonably expected of attorneys in criminal cases." [11]

■ Sampson makes several complaints as to the assistance of counsel. The first is that his trial attorney failed to inform him that, as Sampson argues, the indictment was "invalid" because of multiplicity, and failed to challenge the validity of the indictment on that basis. Since, as discussed above, the indictment clearly was not invalid for charging multiple counts of armed and unarmed robbery, trial counsel did not render ineffective assistance in failing to discuss the matter with Sampson and to challenge the indictment.[12]

■ Sampson next claims that trial counsel misled him into accepting a guilty plea by telling him that he faced a possible sentence of 225 years if convicted on all counts, when in fact Sampson could not lawfully have been sentenced both on arm-ed and unarmed robbery counts for the same offense. Sampson's trial attorney has submitted an affidavit in which he unequivocally denies having told Sampson that he could receive 225 years. Regardless of the merits of this dispute, we do not find it credible that Sampson could have been misled by any such statement. As previously noted, Sampson's record demonstrated an extensive familiarity with criminal proceedings, including a number of prior guilty pleas. His sophistication in such matters is apparent in the transcript of the sentencing before Judge Pierce. Moreover, as the government points out, Sampson would in fact have been liable for a possible maximum sentence of over 100 years had he been sentenced consecutively on each count. In these circumstances we cannot credit Sampson's claim that he was misled into accepting a guilty plea.

■ Finally, Sampson claims that counsel was ineffective for failing to inform him of the adverse impact of the presentence report, and the allegedly erroneous material contained in it, on the judge's sentencing decision and on his opportunity for parole. However, since Sampson concededly went over the presentence report with his attorney and failed to inform him of the errors he now complains of, his attorney cannot be blamed for failing to discuss the matter with him, or for failing to attack the accuracy of the report in the sentencing proceeding.

■ We are aware of the fact, which Sampson emphasizes, that his co-defendants received significantly shorter sentences than Sampson, and we credit the sincerity of his concern for the welfare of his family during the lengthy incarceration he faces. Such matters, however, do not

---

**9.** *Grimes v. United States,* 607 F.2d 6, 11–15 (2d Cir.1979).

**10.** *Id.* at 15 n. 8.

**11.** *Trapnell v. United States,* No. 82–2055, 725 F.2d 149 (2d Cir.1983).

**12.** Moreover, since counsel will not necessarily be deemed ineffective for failing to raise colora-ble issues which a defendant specifically asks him to raise, *see Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), *rev'g* 665 F.2d 427 (2d Cir.1981); *Cunningham v. Henderson,* 725 F.2d 32 (2d Cir.1984), he certainly cannot be deemed ineffective for failing to raise a frivolous issue which the defendant did not ask him to raise.

provide grounds for vacatur of a lawfully imposed sentence on a § 2255 motion.

For the foregoing reasons, the petition is dismissed.

It is so ordered.